**No. 24-3282**

_____

# IN THE UNITED STATES COURT
# OF APPEALS FOR THE SIXTH CIRCUIT

_____

INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 6, An Appointing Fiduciary of the Southern Ohio Painters Health and Welfare Plan and Trust; JIM SHERWOOD, Union Trustee of the Fund; LEE DENNEY, Union Trustee of the Fund; CHRIS NAEGELE, Union Trustee of the Fund; EVERETT CHILSON, Participant in the Fund

*Plaintiffs-Appellants*,

BOARD OF TRUSTEES FOR THE SOUTHERN OHIO PAINTERS HEALTH AND WELFARE PLAN AND TRUST FUND

*Plaintiff-Intervenor*

v.

WARREN T. SMITH, Union Trustee and Assistant Administrator of the Fund; DANA CLARK, Union Trustee of the Fund; JEREMY TURI, Employer Trustee of the Fund; JOE CONLEY, Employer Trustee of the Fund; JAMES ECK, Employer Trustee of the Fund; CHAD HUDEPOHL, Employer Trustee of the Fund; KYLE YOUNG, Employer Trustee of the Fund; JEFF QVICK, Employer Trustee of the Fund

*Defendants-Appellees*.

_____

On Appeal from the United States District Court
for the Southern District of Ohio, Western Division
The Honorable Douglas R. Cole, U.S. District Judge

_____

# BRIEF OF DEFENDANTS-APPELLEES JEREMY TURI, JOE CONLEY, JAMES ECK, CHAD HUDEPOHL, KYLE YOUNG, AND JEFF QVICK

134537652v1

Evan T. Priestle (0089889)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202-3957
Tel:  513.381.2838
Fax:  513.381.0205
epriestle@taftlaw.com

*Attorney for Defendants-Appellees
Jeremy Turi, Joe Conley, James Eck,
Chad Hudepohl, Kyle Young, and Jeff
Qvick*

September 5, 2024

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTEREST

Pursuant to 6th Cir. R. 26.1, Defendant-Appellee Jeremy Turi makes the following disclosure:

1.     Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party.

No.

2.     Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?  If Yes, list the identity of such corporation and the nature of the financial interest:

No.

i

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTEREST

Pursuant to 6th Cir. R. 26.1, Defendant-Appellee Joe Conley makes the following disclosure:

1.      Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party.

No.

2.      Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?  If Yes, list the identity of such corporation and the nature of the financial interest:

No.

134537652v1

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTEREST

Pursuant to 6th Cir. R. 26.1, Defendant-Appellee James Eck makes the following disclosure:

1.     Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party.

No.

2.     Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?  If Yes, list the identity of such corporation and the nature of the financial interest:

No.

iii

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTEREST

Pursuant to 6th Cir. R. 26.1, Defendant-Appellee Chad Hudepohl makes the following disclosure:

1.    Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party.

No.

2.    Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?  If Yes, list the identity of such corporation and the nature of the financial interest:

No.

134537652v1

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTEREST

Pursuant to 6th Cir. R. 26.1, Defendant-Appellee Kyle Young makes the following disclosure:

1.    Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party.

No.

2.    Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?  If Yes, list the identity of such corporation and the nature of the financial interest:

No.

v

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTEREST

Pursuant to 6th Cir. R. 26.1, Defendant-Appellee Jeff Qvick makes the following disclosure:

1.      Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party.

No.

2.      Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?  If Yes, list the identity of such corporation and the nature of the financial interest:

No.

134537652v1

# TABLE OF CONTENTS

Page

STATEMENT REGARDING ORAL ARGUMENT ........................................xiiiiii

I.  JURISDICTIONAL STATEMENT ......................................................1

II.  STATEMENT OF THE ISSUES.......................................................2

III.  STATEMENT OF THE CASE.........................................................4

    A.  The Fund And The Trust Agreement........................................4

    B.  The Parties To This Litigation. ...............................................6

    C.  The Factual Timeline. ...........................................................8

    D.  The Legal Timeline. ............................................................10

IV.  SUMMARY OF THE ARGUMENT ........................................13

V.  STANDARD OF REVIEW ....................................................15

VI.  ARGUMENT ...................................................................17

    A.  This Court Lacks Jurisdiction Over The District Court's Decision To Grant The Employer Trustee Defendants' Motion To Dismiss Because That Decision Is Not An Appealable Final Decision. ...........................17

    B.  The District Court Did Not Abuse Its Discretion When It Denied Plaintiffs' Motion For Preliminary Injunction.......................................20

        1.  The District Court did not abuse its discretion when it concluded Plaintiffs failed to clearly show any irreparable harm would occur without a preliminary injunction.......................................................22

        2.  The District Court's opinion could also be affirmed on the basis that Plaintiffs' entrenchment claims do not have a likelihood of success on the merits. ............................................................30

    C.  The District Court Correctly Concluded That Plaintiffs Failed To State A Claim Upon Which Relief Could Be Granted Against The Employer Trustee Defendants. ...............................................................37

        1.  The District Court correctly dismissed Count I against the Employer Trustee Defendants because, even construing Plaintiffs' allegations as true, the Employer Trustee Defendants were not acting in a fiduciary capacity and because Plaintiffs have not pled claims under ERISA § 404(a)(1)(B) upon which relief can be granted...................................37

vii

2. The District Court's dismissal of Count II should be affirmed for the same reasons as Count I and because Plaintiffs did not state a claim under ERISA § 404(a)(1)(A) upon which relief could be granted. ......42

3. The District Court's dismissal of Count III should be affirmed because it was proper for the Fund to cover the legal fees incurred by Defendants Smith and Clark in connection with their defense of Union charges that were pursued to try to force them out of their Trustee positions. ............................................................................................44

VII.    CONCLUSION ............................................................................47

VIII.   ADDENDUM ..............................................................................50

134537652v1

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. Whitmer*,
  No. 21-1019, 2021 WL 3140318 (6th Cir. July 26, 2021) ...................................17

*Am. Civ. Liberties Union Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636 (6th Cir.
  2015) ...............................................................................................................21

*Bussian v. RJR Nabisco, Inc.*, 223 F.3d 286 (5th Cir. 2000)...................................43

*Cassell v. Vanderbilt Univ.*, 285 F. Supp. 3d 1056 (M.D. Tenn. 2018) .................43

*Cement & Concrete Workers Dist. Council Pension Fund v. Ulico Cas. Co.*, 387 F.
  Supp. 2d 175 (E.D.N.Y. 2005), *aff'd,* 199 F. App'x 29 (2d Cir. 2006) .. 33, 34, 44

*Cent. States, Se. & Sw. Areas Pension Fund v. Behnke, Inc.*,
  883 F.2d 454 (6th Cir. 1989) ..............................................................................27

*Chambers v. Ohio Dep't of Hum. Servs.,* 145 F.3d 793 (6th Cir. 1998).................19

*City of Pontiac Retired Emples. Ass'n v. Schimmel*,
  751 F.3d 427 (6th Cir. 2014) ......................................................................... 21, 22

*Curtiss-Wright Corp. v. Schoonejongen,*
  514 U.S. 73, 115 S.Ct. 1223, 131 L.Ed.2d 94 (1995).........................................39

*Demopoulos v. Whelen*, No. 17-CV-5823, 2017 U.S. Dist. LEXIS 156407
  (S.D.N.Y. Sept. 25, 2017).......................................................................... 22, 23

*Detroit Terrazzo Contractors Ass'n v. Bd. of Trs. of B.A.C. Loc. 32 Ins. Fund*, 71 F.
  App'x 539 (6th Cir. 2003).......................................................................... 23, 39

*Donovan v. Cunningham,* 716 F.2d 1455 (5th Cir. 1983) ......................................42

*D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324 (6th Cir. 2019) .....................................22

134537652v1

*Enchant Christmas Light Maze & Mkt. Ltd. v. Glowco, LLC*, 958 F.3d 532 (6th Cir. 2020) ..................................................................................................21

*Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) ...........................................................................................17

*Fuchs v. Allen*, 363 F. Supp. 2d 407 (N.D.N.Y. 2005)..........................................40

*Gard v. Blankenburg*, 33 F. App'x 722 (6th Cir. 2002) ............................ 32, 38, 40

*Hughes Aircraft Co. v. Jacobson,* 525 U.S. 432, 119 S.Ct. 755, 142 L.Ed.2d 881 (1999) ..................................................................................................39

*Hunter v. Caliber Sys., Inc.*, 220 F.3d 702 (6th Cir. 2000) .....................................41

*In re Iron Workers Loc. 25 Pension Fund*, 811 F. Supp. 2d 1295 (E.D. Mich. 2011).............................................................42

*In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586 (6th Cir. 2013) ...2, 17

*Kershner v. Mazurkiewicz*, 670 F.2d 440 (3d Cir. 1982) ........................................19

*Kircher v. City of Ypsilanti*, 809 F. App'x 284 (6th Cir. 2020) ...............................16

*Kohler v. City of Cincinnati*, No. 1:20-CV-889, 2021 WL 761630(S.D. Ohio Feb. 27, 2021) ...............................................................................................30

*Lakeshore Terminal & Pipeline Co. v. Def. Fund Supply Ctr.*, 777 F.2d 1171 (6th Cir. 1985) ...........................................................................................16

*Local 144 Nursing Home Pension Fund v. Demisay,* 508 U.S. 581 (1993)............28

*Lockheed Corp. v. Spink*, 517 U.S. 882, 116 S.Ct. 1783, 135 L.Ed.2d 153 (1996).....................................39

*Masino v. Montelle*, No. 05CV2447ERKRML, 2005 WL 8159617, (E.D.N.Y. July 14, 2005) .............................................................................................. 23, 39

*McNeilly v. Land*, 684 F.3d 611 (6th Cir. 2012)............................................. 20, 21

x

*Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378 (6th Cir. 2020) .........22

*Mezibov v. Allen,* 411 F.3d 712 (6th Cir. 2005).......................................................17

*Myers v. Bricklayers & Masons Loc. 22 Pension Plan*,
    629 F. App'x 681 (6th Cir. 2015)........................................................... 32, 38, 39

*NLRB v. Amax Coal Co*.,
    453 U.S. 322, 101 S.Ct. 2789, 69 L.Ed.2d 672 (1981).............. 23, 24, 26, 29, 44

*N.L.R.B. v. Mich. Conf. of Teamsters Welfare Fund*,
    13 F.3d 911 (6th Cir. 1993) ......................................................................... 23, 24

*Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*,
    305 F.3d 566 (6th Cir. 2002) ..................................................................................21

*Paul v. RBC Cap. Markets LLC*, No. C16-5616 RBL, 2018 WL 3630290, (W.D.
    Wash. July 31, 2018) ................................................................................... 33, 34

*Pegram v. Herdrich*,
    530 U.S. 211, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000)......................................38

*Petronykoriak v. Equifax Info. Servs., LLC*, No. 21-2925, 2021 WL 6144163 (6th
    Cir. Dec. 16, 2021)..................................................................................... 17, 18

*Pfeil v. State St. Bank & Tr. Co.*, 806 F.3d 377 (6th Cir. 2015) ............................41

*Platt v. Bd. of Comm'rs on Grievances and Discipline of Ohio Supreme Ct.*, 769
    F.3d 447 (6th Cir. 2014) ............................................................................. 20, 21

*Pope v. Cent. States Se. & Sw. Areas Health & Welfare Fund*, 27 F.3d 211 (6th
    Cir. 1994) ...............................................................................................................32

*Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*,
    920 F.2d 1491 (9th Cir. 1990) .............................................................................27

*Sec'y of Lab. v. Macy's, Inc.*,
    No. 1:17-CV-541, 2022 WL 407238 (S.D. Ohio Feb. 10, 2022)........... 33, 41, 42

xi

*Shipman v. Logan*,
  No. 16-CV-79-GKF-FHM, 2017 WL 653545 (N.D. Okla. Feb. 16, 2017) ........27

*Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576 (6th Cir. 2016)........................28

*Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346 (4th Cir. 2014) ..........................41

*Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d
  430 (6th Cir. 2008)................................................................................................42

*Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564 (6th Cir. 2008) .................17

**Statutes**

28 U.S.C. § 1291 ....................................................................................................17

28 U.S.C. § 1292 ............................................................................................. 19, 20

29 U.S.C. § 186.......................................................................................... 4, 23, 26, 28

29 U.S.C. § 1104 ............................................................................... 32, 33, 35, 39, 43

29 U.S.C. § 1105 .................................................................................................. 35

29 U.S.C. § 1109 ....................................................................................................34

## STATEMENT REGARDING ORAL ARGUMENT

Appellees Jeremy Turi, Joe Conley, James Eck, Chad Hudepohl, Kyle Young, and Jeff Qvick believe the allegations and legal arguments are adequately presented in the record and the District Court's opinion involved proper analysis of the issues such that oral argument is unnecessary. Nonetheless, Appellees welcome the opportunity for oral argument should the Court conclude it would assist the Court's review of the issues.

# I.    JURISDICTIONAL STATEMENT

On August 9, 2023, Plaintiffs-Appellants International Union of Painters and Allied Trades District Council No. 6 (the "Union"), Jim Sherwood, Lee Denney, Chris Naegele, and Everett Chilson (collectively "Plaintiffs") filed a Complaint against Defendants-Appellees Warren ("Tom") Smith, Dana Clark, Jeremy Turi, Joe Conley, James Eck, Chad Hudepohl, Kyle Young, and Jeff Qvick purporting to assert breaches of certain fiduciary duties pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA") in connection with the Southern Ohio Painters Health and Welfare Plan and Trust ("Fund").  (Complaint, RE 5, Page ID # 349-71)  Plaintiffs also filed a Motion for Preliminary Injunctive Relief. (Motion for Preliminary Injunction, RE 2, Page ID # 310-39)

On September 25, 2023, Defendants Smith and Clark ("the Union Trustee Defendants") Answered the Plaintiffs' Complaint.  (Union Trustee Answer, RE 22, Page ID # 711-28)  Also on September 25, 2023, Defendants Turi, Conley, Eck, Hudepohl, Young, and Qvick ("the Employer Trustee Defendants") moved to dismiss Plaintiffs' claims against them for failure to state a claim upon which relief can be granted.  (Employer Trustee MTD, RE 23, Page ID # 729-45)

On March 8, 2024, the District Court issued an opinion, *inter alia*, denying Plaintiffs' motion for preliminary injunction and granting Employer Trustee Defendants' motion to dismiss.  (Opinion, RE 58, Page ID # 2385-2427)  On April

1

3, 2024, Plaintiffs filed a notice of appeal. (Notice of Appeal, RE 64, Page ID # 2524-25) Plaintiffs have since clarified that they are appealing the District Court's denial of Plaintiffs' motion for preliminary injunction and the District Court's granting of the Employer Trustee Defendants' motion to dismiss.

As discussed more thoroughly below in Section IV(A), this Court does not have jurisdiction over the District Court's decision to grant the Employer Trustee Defendants' motion to dismiss as that is not a final decision. Plaintiffs' claims against the Union Trustee Defendants were not dismissed and remain active in the District Court. "When a plaintiff brings different claims—or for that matter when multiple plaintiffs bring different claims—in the *same complaint,* they have brought just one action, and a ruling that fails to dispose of the whole complaint is not final." *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) (citations omitted).

## II.    STATEMENT OF THE ISSUES

The first issue presented by this appeal is whether this Court has jurisdiction over the District Court's decision to grant the Employer Trustee Defendants' motion to dismiss where that decision did not dispose of all of the claims in Plaintiffs' complaint because all of Plaintiffs' claims against the Union Trustee Defendants remain active in the District Court.

2

The second issue presented by this appeal is whether the District Court's decision denying Plaintiff's motion for preliminary injunction should be affirmed where, after hearing three days' of evidence, testimony, and argument, the District Court concluded that Plaintiffs had not met their burden of showing they would suffer irreparable harm not fully compensable by monetary damages absent a preliminary injunction.

The third issue presented by this appeal is whether the District Court's opinion should be affirmed on the alternative grounds that Plaintiffs cannot establish a likelihood of success on the merits where their claims regarding entrenchment rely on a Department of Labor Opinion letter and thin body of case law that have not adequately analyzed the legal issues at bar.

The fourth issue presented by this appeal is whether the District Court's opinion should be affirmed on the alternative grounds that Plaintiffs cannot establish a likelihood of success on the merits where their claims regarding entrenchment would require this Court to adopt the argument that ERISA requires, as a matter of law, that Union trustees of Taft-Hartley funds be removable at will by a Union officer vested with appointment and removal powers any time an internal Union constitution says so.

The fifth issue presented by this appeal is whether the District Court's decision granting Employer Trustee Defendants' motion to dismiss should be

affirmed where amending a Trust provision is not a fiduciary act; where refusing to recognize a removal notice not in accordance with the Trust provisions is not a fiduciary act; where enforcing a Trust that has allegedly illegal provisions is not automatically a breach of a fiduciary's duty; and where voting in favor of the Fund to pay for legal fees incurred as a result of Plaintiffs' actions to try to remove Defendants Smith and Clark from their Trustee positions were fees incurred in accordance with management and preservation of the trust estate.

### III.    STATEMENT OF THE CASE

### A.    <u>The Fund And The Trust Agreement.</u>

The Fund is a multiemployer welfare benefit plan constructed pursuant to 29 U.S.C. § 186(c)(5)—often referred to as a Taft-Hartley fund—which provides health benefits to Union-represented employees of contractor employers who have signed collective bargaining agreements with the Union.  (Complaint, RE 5 at Page ID # 355)  Like any ERISA-governed plan and as is required under 29 U.S.C. § 186(c)(5)(B), the Fund is administered pursuant to the Restated Agreement and Declaration of Trust Southern Ohio Painters Health and Welfare Plan and Trust (the "Trust Agreement").  (Trust Agreement, RE 5-3 at Page ID # 602-48)  The Trust Agreement has been in effect since at least January 20, 1983, and has been amended and restated at least a few times over the years.  (*Id*. at Page ID # 605)

4

The Trust Agreement provides that the Fund "shall be administered by a Board of Trustees consisting of (16) Trustees, eight (8) of whom shall be designated 'Employer Trustees' and eight (8) of whom shall be designated 'Union Trustees.'" (*Id*. at Page ID # 614)  If a vacancy occurs among the Employer Trustees, it is filled by unanimous vote of the remaining Employer Trustees who are serving at that time.  (*Id*.)  If a vacancy occurs among the Union Trustees, the Union's business manager/secretary treasurer shall nominate a replacement, who can then become a Trustee by unanimous vote of the remaining Union Trustees then serving.  (*Id*. at Page ID # 615)

From July 2015 until December 2022, a Union Trustee could be removed upon request of the Union's business manager/secretary treasurer if there was just cause and if three-fourths of the Union Trustees present at the meeting voted in favor of the removal.  (*Id*.)  During that same time period, Employer Trustees could be removed if there was just cause and if three-fourths of the Employer Trustees present at the meeting voted in favor of the removal.  (*Id*.)

While the design of the Board of Trustees is for eight Union Trustees and eight Employer Trustees to serve, the Trust Agreement also states that "[n]o vacancy or vacancies on the Board of Trustees shall impair the power of the remaining Trustees ...."  (*Id*. at Page ID # 616)  Also, "[a]t all meetings of the Trustees, Employer Trustees present shall have, in the aggregate, a total of eight

5

(8) votes and the Union Trustees present shall have, in the aggregate, a total of eight (8) votes." (*Id.* at Page ID # 617) So no matter how many Trustee vacancies exist at a particular time, the Union-appointed Trustees and the Employer-appointed Trustees always maintain equal voting power as a group.

### B.    The Parties To This Litigation.

The Union is a "central body labor organization," meaning that it is labor organization under the umbrella of the International Union of Painters and Allied Trades, but that it has approximately twenty local unions under its umbrella. (11/13/23 Transcript, RE 42, Page ID # 1597-98) Its jurisdiction covers all of Ohio and parts of a few neighboring states. (*Id.*) The Union represents glaziers, painters, drywall finishers, sign and display workers, and a few other categories of workers, with approximately 4,000 active and retiree members. (*Id.*)

Since June 2014, Plaintiff Jim Sherwood has served as the Union's business manager, secretary treasurer and as a Union-appointed Trustee on the Fund. (*Id.* at Page ID # 1601-1602) The International Union's internal constitution currently states that the "Business Manager/Secretary-Treasurer shall be an automatic trustee to any Trust Fund in which the members of District Council participates and any Trust Fund in which members of any affiliated Local Union participates; shall appoint (and have the power to remove) all Union Trustees to all Trust Funds of the District Council and all Trust Funds established by Local Unions fully

6

affiliated with the District Council ...." (Union constitution, RE 5-1 at Page ID # 465) This provision in the International Union's constitution which purports to give the Union's business manager/secretary-treasurer authority over appointment and removal of trustees on Taft-Hartley funds post-dates the existence of the Trust Agreement for the Fund. (11/13/23 Transcript, RE 42, Page ID # 1742-43)

Plaintiffs Lee Denney and Chris Naegele are also Union-appointed Trustees to the Fund. (Complaint, RE 5 at Page ID # 354-55) Plaintiff Denney is retired from the Union. (*Id*.) Plaintiff Naegele is a current Union employee. (*Id*.) Plaintiff Everett Chilson is a current Fund participant. (*Id*.)

Defendant Tom Smith is a Union-appointed Trustee to the Fund and has been since 1988. (11/14/23 Transcript, RE 43 at Page ID # 1858) In 2000, Defendant Smith began working as the assistant administrative manager of the Fund. (*Id*.) At that time, his salary was paid by the Union, who was then reimbursed by the Fund. (*Id*. at Page ID # 1892) Starting in 2005, the Fund began paying Defendant Smith directly for his services as the assistant administrative manager. (*Id*. at Page ID # 1859)

Defendant Dana Clark is a Union-appointed Trustee to the Fund and has been since 2014. (*Id*. at Page ID # 1934) The Employer Trustee Defendants are Employer-appointed Trustees to the Fund. (Complaint, RE 5 at Page ID # 355-56)

7

There is one Union-appointed Trustee (Jason Parr) and one Employer-appointed Trustee (Joe Lauer) who are not parties to this litigation.

###  C.  **The Factual Timeline.**

At the Fund's Board of Trustees meeting on January 28, 2021, Plaintiff Sherwood sought to appoint David Lay as a Union-appointed Trustee to the Fund because Mr. Lay was the business agent for Union Local # 249.  (11/4/23 Transcript, RE 43 at Page ID # 1864)  Defendant Smith responded that he and Defendant Clark were the Union-appointed Trustees from Local # 249.  (*Id*.)  At that time, Defendant Smith had been on a leave of absence as a Trustee since 2005.  (*Id*.)  Defendant Smith thereafter resumed his role as an active Union-appointed Trustee.  (*Id*. at Page ID # 1865)

At the December 13, 2022 Board of Trustees meeting, Defendant Smith made a motion to change the removal provisions of the Fund to require a three-fourths affirmative vote of all present and voting Trustees to remove any Trustee.  (Trust Agreement, RE 5-3 at page ID 648)  That motion was approved.  (*Id*.)

On December 14, 2022, Plaintiff Sherwood sent letters to Defendants Smith and Clark, as well as then-Union-appointed Trustees Joe Crytser and Scott Cook, directing all of them to resign their positions as Union-appointed Trustees.  (11/13/23 Transcript, RE 42 at Page ID # 1642)  Defendants Smith and Clark (as well as Messrs. Crytser and Cook) refused to resign, so Plaintiff Sherwood filed

internal Union charges against them.  (*Id*. at Page ID # 1643)  A Union trial board hearing occurred on February 9, 2023, after which the Union trial board sustained the internal charges.  (*Id*. at Page ID # 1648)  Part of the Union's trial board's ruling included that Defendants Smith and Clark were barred from holding any trustee positions.  (*Id*.)

Plaintiff Sherwood then filed a second set of internal Union charges against Defendants Smith and Clark because "the trial board gave them two days or three days to resign their positions ... and they did not comply ...."  (*Id*. at Page ID # 1651)  Plaintiff Sherwood testified that had Defendants Smith and Clark resigned their Trustee positions, he would not have gone forward with either set of Union charges against them.  (11/14/23 Transcript, RE 43 at Page ID # 1822)  Plaintiff Sherwood also testified that he made no attempt to comply with the removal provisions in the Trust Agreement because he "believe[s] that the IUPAT constitution provides [him] with what to do with removal and appointment on union trustees." (*Id*. at Page ID # 1742)  While the second set of internal Union charges were pending, Defendants Smith and Clark resigned from the Union. (Opinion, RE 58 at Page ID 2391)

In connection with their defense of the internal Union charges, the Fund's attorney, Katie Burch of Pott-Dupre, Hawkins & Kramer was providing advice and representation to Defendants Smith and Clark.  (11/14/23 Transcript, RE 43 at

9

Page ID # 1882-85)  At the March 23, 2023 Board of Trustees meeting, Defendant Smith made a motion to have the Fund cover Ms. Burch's legal fees in connection with defense of the internal Union charges.  (*Id.* at Page ID # 1885)  Ms. Burch advised the Employer Trustee Defendants that these legal expenses were proper Fund expenses.  (*Id.* at Page ID # 1981, 2001)  The Employer Trustee Defendants voted in favor of the motion and it passed.  (*Id.* at Page ID # 1885-86)

Lastly, at the June 27, 2023 Board of Trustees meeting, Plaintiff Sherwood made a motion to remove Defendants Smith and Clark.   (11/13/23 Transcript, RE 42 at Page ID # 1666)  The Employer Trustee Defendants voted against it and the motion failed.  (*Id.*)  Also at that meeting, a motion was made and approved for Defendant Clark to begin shadowing Defendant Smith to prepare to replace him as the assistant administrative manager of the Fund.  (11/14/23 Transcript, RE 43 at Page ID 1890)

### D.   The Legal Timeline.

On August 9, 2023, Plaintiffs filed a Complaint against Defendants purporting to assert breaches of certain fiduciary duties pursuant to the ERISA in connection with Fund.  (Complaint, RE 5, Page ID # 349-71)  Plaintiffs also filed a Motion for Preliminary Injunctive Relief, in which they asked the District Court for the following relief: (1) Removing Defendants Smith and Clark as Trustees and Fiduciaries of the Fund; (2) Terminating any employment relationships between

134537652v1

Defendants Smith and Clark and the Fund; (3) Prohibiting Trustees from serving as paid employees of the Fund; (4) Prohibiting the expenditure of Fund assets to pay for the personal legal expenses of Trustees; (5) Prohibiting Defendants from interfering with the Union's authority to appoint and remove Trustees; and (6) Prohibiting Defendants from interfering with the Plaintiff Trustee's ability to exercise their duties as Trustees and Fiduciaries of the Fund.  (Motion for Preliminary Injunction, RE 2, Page ID # 310-39)

On September 25, 2023, the Union Trustee Defendants Answered Plaintiffs' Complaint.  (Union Trustee Answer, RE 22, Page ID # 711-28)  Also on September 25, 2023, the Employer Trustee Defendants moved to dismiss Plaintiffs' claims against them for failure to state a claim upon which relief can be granted.  (Employer Trustee MTD, RE 23, Page ID # 729-45)  Plaintiffs filed a response in opposition to the Employer Trustee Defendants' motion to dismiss, and the Employer Trustee Defendants replied in support of their motion.  (Plaintiffs' Response to MTD, RE 25, Page ID # 748-67; Reply in Support of MTD, RE 26, Page ID # 768-82)

On November 10, 2023, the Fund filed a motion to intervene in the litigation for the purposes of filing a complaint against Plaintiffs Sherwood and Naegele for breach of fiduciary duty and engaging in prohibited transactions under ERISA. (Fund Motion to Intervene, RE 34, Page ID # 1050-1150)  That motion was also

134537652v1

fully briefed.  (Plaintiffs' Response in Opp to Motion to Intervene, RE 50, Page ID # 2214-21; Fund's Reply in Support, RE 52, Page ID # 2230-35)

On November 13, 14, and 15, 2023, the District Court held an in-person preliminary injunction hearing, at which the parties were able to present witnesses, make arguments, and respond to the District Court's questions.  (11/13-15/23 Transcripts, RE 42, 43, and 44 Page ID # 1530-2159)  After the hearing, the parties filed post-hearing briefs.  (Plaintiffs' Post-Hearing Brief, RE 40, Page ID # 1515-26; Union Trustee Defendants' Post-Hearing Brief, RE 45, Page ID # 2160-70; Employer Trustee Defendants' Post-Hearing Brief, RE 46, Page ID #2171-81; Plaintiffs' Post-Hearing Replies, RE 48 and 49, Page ID 2193-2213)

On March 8, 2024, the District Court issued an opinion denying Plaintiffs' motion for preliminary injunction, granting Employer Trustee Defendants' motion to dismiss, and granting the Fund's motion to intervene.  (Opinion, RE 58, Page ID # 2385-2427)  On April 3, 2024, Plaintiffs filed a notice of appeal.  (Notice of Appeal, RE 64, Page ID # 2524-25)  Plaintiffs have since clarified that they are appealing the District Court's denial of Plaintiffs' motion for preliminary injunction and the District Court's granting of the Employer Trustee Defendants' motion to dismiss.

134537652v1

## IV.    SUMMARY OF THE ARGUMENT

As a threshold matter, this Court does not have jurisdiction over an appeal from the District Court's decision to grant the Employer Trustee Defendants' motion to dismiss.  Plaintiffs' claims against the Union Trustee Defendants are active in the District Court, so the District Court's decision to grant the Employer Trustee Defendants' motion to dismiss is not a final decision.  Also, the doctrine of pendent jurisdiction should not apply because the District Court's decision to deny Plaintiffs' motion for preliminary injunction is not inextricably intertwined with the decision to grant the Employer Trustee Defendants' motion to dismiss.

Regarding the District Court's decision to deny Plaintiffs' motion for preliminary injunction, it should be affirmed because there is no basis upon which to conclude that the District Court abused its discretion when it found that Plaintiffs failed to show any irreparable harm that would occur without a preliminary injunction.  As the District Court lays out in its logical and well-reasoned opinion, Plaintiffs' claim that their theory of entrenchment automatically equates to irreparable harm is based on flawed theories and flawed case law that cannot be squared with governing Supreme Court authority.  Additionally, Plaintiffs have not shown (and cannot show) that any alleged harm that could possibly be associated with their "prohibited transaction" claims are harms that could not be compensable by monetary damages.

13

To the extent this Court believes the District Court may have somehow abused its discretion when it concluded that Plaintiffs have not shown irreparable harm, the District Court's decision to deny Plaintiffs' motion for preliminary injunction could also be affirmed because Plaintiffs are unlikely to succeed on the merits of any entrenchment claim.  Plaintiffs' entrenchment theories are built entirely on a 1985 Department of Labor Opinion letter and thin body of case law that cannot be squared with governing Supreme Court authority, other provisions of ERISA, or the well-developed body of case law confirming what must be established to prove a breach of fiduciary duty.

Additionally, Plaintiffs' claims regarding entrenchment would require this Court to adopt the argument that ERISA requires, as a matter of law, that Union trustees of Taft-Hartley funds must be removable at will by a Union officer vested with appointment and removal powers any time an internal Union constitution says so to avoid violating ERISA's anti-entrenchment provisions.  Once again, that position cannot be squared with governing Supreme Court authority or myriad other ERISA provisions.

Lastly, to the extent that this Court finds that it does have jurisdiction over the District Court's decision to grant the Employer Trustee Defendants' motion to dismiss, that decision should be affirmed.  Count I of Plaintiffs' Complaint fails to state a claim against the Employer Trustee Defendants because the law in this

14

Circuit is clear that amending a trust agreement is not a fiduciary act. Count I also fails as a matter of law because Plaintiffs have not pled facts that could possibly support a claim that the Employer Trustee Defendants breached their duty of prudence under ERISA § 404(a)(1)(B).

The District Court correctly dismissed Count II against the Employer Trustee Defendants for the same reasons as Count I. Additionally, Count II fails as a matter of law because simply presiding over or enforcing an allegedly unlawful ERISA plan provision cannot automatically equate to a breach of the duty of loyalty under ERISA § 404(a)(1)(A).

Count III of the Plaintiffs' Complaint was also correctly dismissed because the Fund can properly reimburse a Trustee for legal fees that the Trustee incurs as a result of attempts to cause the removal of the Trustee. To the extent this Court believes that it has jurisdiction to consider the District Court's decision to grant the Employer Trustee Defendants' motion to dismiss, that decision should be affirmed.

## V.   STANDARD OF REVIEW

"This Court reviews the district court's denial of a motion for a preliminary injunction for abuse of discretion." *Wonderland Shopping Ctr. Venture Ltd. P'ship v. CDC Mortg. Cap., Inc.*, 274 F.3d 1085, 1097 (6th Cir. 2001) (citation omitted). "Under this standard, the Court will overturn a district court's determination regarding a preliminary injunction if the district court relied upon clearly erroneous

15

findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Id*. (citation and internal quotations omitted). "A legal or factual error may be sufficient to determine that the district court abused its discretion." *Id*. (citation omitted). "However, absent such an error, the district court's weighing and balancing of the equities is overruled only in the rarest of cases." *Id*. (citation and internal quotation omitted).

"Once a district court has made its decision to grant or deny a preliminary injunction, that decision cannot be found to constitute an abuse of discretion unless the appealing parties can establish four conditions." *Lakeshore Terminal & Pipeline Co. v. Def. Fund Supply Ctr.*, 777 F.2d 1171, 1172 (6th Cir. 1985). Those include: "(1) Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits; (2) Whether the plaintiffs have shown irreparable injury; (3) Whether the issuance of a preliminary injunction would cause substantial harm to others; (4) Whether the public interest would be served by issuing a preliminary injunction." *Id*.

This Court "reviews de novo a district court's decision to grant a motion to dismiss pursuant to the same standards that should have been applied in the district court." *Kircher v. City of Ypsilanti*, 809 F. App'x 284, 297 (6th Cir. 2020) (citation and internal quotations omitted). "For that evaluation, this court accepts as true all non-conclusory allegations in the complaint and determines whether the allegations

16

state a plausible claim for relief." (citations and internal quotations omitted;

cleaned up). However, "conclusory allegations or legal conclusions masquerading

as factual conclusions will not suffice to prevent a motion to dismiss." *Mezibov v.

Allen,* 411 F.3d 712, 716 (6th Cir. 2005). "Moreover, [this Court] 'may affirm the

district court's dismissal of [a] [p]laintiff['s] claims on any grounds, including

those not relied on by the district court.'" *Allen v. Whitmer*, No. 21-1019, 2021 WL

3140318, at *2 (6th Cir. July 26, 2021) (quoting *Zaluski v. United Am. Healthcare

Corp.*, 527 F.3d 564, 570 (6th Cir. 2008)).

## VI.    ARGUMENT

### A.    This Court Lacks Jurisdiction Over The District Court's Decision To Grant The Employer Trustee Defendants' Motion To Dismiss Because That Decision Is Not An Appealable Final Decision.

Under 28 U.S.C. § 1291, federal appellate courts have jurisdiction over all

"final decisions" of a district court. A final decision is one "that ends the litigation

on the merits and leaves nothing for the court to do but execute the judgment."

*Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373−74, 101 S.Ct. 669, 66

L.Ed.2d 571 (1981) (internal citation omitted). "When a plaintiff brings different

claims—or for that matter when multiple plaintiffs bring different claims—in the

*same complaint,* they have brought just one action, and a ruling that fails to dispose

of the whole complaint is not final." *Refrigerant Compressors*, 731 F.3d at 589

(citations omitted); *see also Petronykoriak v. Equifax Info. Servs., LLC*, No. 21-

2925, 2021 WL 6144163, at *1 (6th Cir. Dec. 16, 2021) ("A dismissal of some but not all claims or defendants is not a final appealable judgment, absent an entry of judgment and a district court's certification under Federal Rule of Civil Procedure 54(b) that there is no justification for delaying an appeal.").

Here, Plaintiffs filed four claims against the eight Defendants. (Verified Complaint, RE 5 at Page ID # 349-71) The first three claims were filed against all Defendants. (*Id*.) The fourth claim was only filed against the Union Trustee Defendants. (*Id*.) On September 25, 2023, the Union Trustee Defendants answered Plaintiffs' Complaint. (Union Trustee Answer, RE 22, Page ID # 711-28) The Employer Trustee Defendants moved to dismiss Plaintiffs' claims against them for failure to state a claim upon which relief can be granted. (Employer Trustee MTD, RE 23, Page ID # 729-45) The Employer Trustee Defendants' motion was then fully briefed. (Plaintiffs' Response to MTD, RE 25, Page ID # 748-67; Reply in Support of MTD, RE 26, Page ID # 768-82)

On March 8, 2024, the District Court, *inter alia*, granted the Employer Trustee Defendants' motion to dismiss for failure to state a claim upon which relief could be granted, dismissing Plaintiffs' three claims against the Employer Trustee Defendants without prejudice. (Opinion, RE 58, Page ID # 2385-2427) Plaintiffs' claims against the Union Trustee Defendants were not dismissed and remain active in the District Court. Because the District Court's decision to grant the Employer

18

Trustee Defendants' motion to dismiss is not a "final decision," this Court lacks jurisdiction to consider Plaintiffs' appeal of that decision.

To be sure, because Plaintiffs are also appealing the District Court's denial of their preliminary injunction motion pursuant to 28 U.S.C. § 1292(a)(1), that presents the possibility pendent jurisdiction may apply. But the Court should not apply it here. "The doctrine of pendent appellate jurisdiction allows an appellate court, in its discretion, to exercise jurisdiction over issues that are not independently appealable when those issues are 'inextricably intertwined' with matters over which the appellate court properly and independently has jurisdiction." *Chambers v. Ohio Dep't of Hum. Servs.,* 145 F.3d 793, 797 (6th Cir. 1998) (citation omitted).

"The 'inextricably intertwined' requirement of pendent appellate jurisdiction is not meant to be loosely applied as a matter of discretion; rather, such jurisdiction only may be exercised when the appealable issue at hand cannot be resolved without addressing the nonappealable collateral issue." *Id.* (citation omitted). And a restricted application of pendent jurisdiction is even more important when independent appellate jurisdiction is under Section 1292(a)(1) because "[l]itigants desiring immediate appellate review could simply encumber their complaints and counterclaims with prayers for injunctive relief," which would invite abuse. *Kershner v. Mazurkiewicz*, 670 F.2d 440, 449 (3d Cir. 1982).

19

The District Court denied Plaintiffs' motion for preliminary injunction because Plaintiffs' were unable to show that they (or anyone else) would suffer irreparable harm without a preliminary injunction. (Opinion, RE 58 at Page ID # 2402, 2411) So unless this Court were to find that the District Court abused its discretion when it concluded that Plaintiffs failed to show irreparable harm, there is no need for this Court to consider exercising pendent jurisdiction over the District Court's decision to grant Employer Trustee Defendants' motion to dismiss. Because (as discussed more below), the District Court did not abuse its discretion, this Court should conclude that it does not have jurisdiction over the District Court's otherwise non-reviewable decision to grant the Employer Trustee Defendants' motion to dismiss.

### B.     The District Court Did Not Abuse Its Discretion When It Denied Plaintiffs' Motion For Preliminary Injunction.

As mentioned above, this Court has jurisdiction to consider the District Court's denial of Plaintiffs' motion for preliminary injunction under 28 U.S.C. § 1292(a)(1). However, because the District Court did not abuse its discretion when it denied Plaintiffs' motion for preliminary injunction, this Court should affirm the District Court's decision.

"The party seeking the preliminary injunction bears the burden of justifying such relief." *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012). As this Court has declared many times, "preliminary injunctions are 'extraordinary and drastic

20

remed[ies] ... never awarded as of right.'" *Platt v. Bd. of Comm'rs on Grievances and Discipline of Ohio Supreme Ct.*, 769 F.3d 447, 453 (6th Cir. 2014) (quoting *Munaf v. Geren*, 553 U.S. 674, 689–90, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008)); *Am. Civ. Liberties Union Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015) (same). Rather, such relief "should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *see also Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (noting that a "preliminary injunction is an 'extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it'") (cleaned up). In other words, the Court "should not ... grant [such relief] unless the movant, *by a clear showing*, carries the burden of persuasion." *Enchant Christmas Light Maze & Mkt. Ltd. v. Glowco, LLC*, 958 F.3d 532, 539 (6th Cir. 2020) (citation omitted).

In considering whether to grant a preliminary injunction, the Court reviews four elements: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the

21

injunction." *City of Pontiac Retired Emples. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (per curiam).

### 1. The District Court did not abuse its discretion when it concluded Plaintiffs failed to clearly show any irreparable harm would occur without a preliminary injunction.

"Irreparable harm is an 'indispensable' requirement for a preliminary injunction, and 'even the strongest showing' on the other factors cannot justify a preliminary injunction if there is no 'imminent and irreparable injury.'" *Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378, 391 (6th Cir. 2020) (quoting *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 326–27 (6th Cir. 2019)). "To merit a preliminary injunction, an injury 'must be both certain and immediate,' not 'speculative or theoretical.'" *Id.* (quoting *Sumner Cnty. Schs.*, 942 F.3d at 327).

Plaintiffs' first argument on appeal related to irreparable harm is simply a rehashing of the same flawed arguments it made to the District Court, but without any coherent attempt to engage with the District Court's reasoning or its appropriate disregard of the flawed case law upon which Plaintiffs' entire argument relies. As seen in Plaintiffs' appeal brief (just as in the District Court), their entire argument that entrenchment automatically causes irreparable harm is based on the contention "that the '[c]ontinuance of any trustees serving contrary to the wishes and governing documents of the appointing authority inherently causes irreparable injury." (Doc. 25 at Page 39 quoting *Demopoulos v. Whelen*, No. 17-

22

CV-5823, 2017 U.S. Dist. LEXIS 156407, at *10-13 (S.D.N.Y. Sept. 25, 2017) and

citing cases).  The conclusions from those courts are based on their belief "that

Union Trustees must be accountable to the union and must act in the participants'

best interests." *Masino v. Montelle*, No. 05CV2447ERKRML, 2005 WL 8159617,

at *14 (E.D.N.Y. July 14, 2005) (citing cases).

      But as the District Court appropriately noted, this contention "does not

easily comport with [*NLRB v. Amax Coal*'s] conception of independent trustees, if

it is even reconcilable at all."  (Opinion, RE 58 at Page ID # 2408)  In *NLRB v.

Amax Coal Co*., the Supreme Court held that "although § 302(c)(5)(B) requires an

equal balance between trustees appointed by the union and those appointed by the

employer, nothing in the language of § 302(c)(5) reveals any congressional intent

that a trustee should or may administer a trust fund in the interest of the party that

appointed him ...."  453 U.S. 322, 330, 101 S.Ct. 2789, 69 L.Ed.2d 672 (1981).

"The language and legislative history of § 302(c)(5) and ERISA [] demonstrate

that an employee benefit fund trustee is a fiduciary whose duty to the trust

beneficiaries must overcome any loyalty to the interest of the party that appointed

him." *Id*. at 334.

      Thus, "a union welfare trustee can owe no allegiance to either the union

organization or employer association that appointed him." *N.L.R.B. v. Mich. Conf.

of Teamsters Welfare Fund*, 13 F.3d 911, 918 (6th Cir. 1993) (citing *Amax Coal*

*Co.*, 453 U.S. at 334). "Rather, the trust's undivided loyalty must be to the plan beneficiaries, the union members, and their spouses and dependent children." *Id*. (citing *Amax Coal Co.*, 453 U.S. at 334).  Therefore, the opinions upon which Plaintiffs rely are correct that Trustees "must act in the participants' best interests," but they are incorrect that "Union Trustees must be accountable to the union."  The entire premise upon which Plaintiffs' case law relies—*i.e.*, that a Trustee must be accountable to the party or parties that appointed him/her—cannot be squared with governing Supreme Court authority.  The District Court was correct to reject Plaintiffs' reliance on the aforementioned out-of-Circuit case law.

Additionally, Plaintiffs' appeal brief fails to acknowledge or adequately wrestle with the fact that their ultimate position in this litigation would mean that the International Union constitution takes precedent over the Fund's Trust Agreement as it relates to appointment and removal of Trustees.  At the preliminary injunction hearing, Plaintiffs' counsel admitted that Plaintiffs' position in this case is that if the Trust's appointment and removal provisions add anything beyond what the International Union has in its own constitution regarding appointment and removal of Trustees, then those provisions in the Trust Agreement are unlawfully entrenching under ERISA.  (11/13/24 Transcript, RE 42, Page ID # 1545-46)  The following colloquy occurred:

24

THE COURT: Okay.  So that's your baseline for measuring entrenchment is whatever happens to be in the union constitution?

MS. ROBINSON: Correct

THE COURT: And if the union constitution changes tomorrow, then what counts as entrenchment which, for ERISA purposes, would change tomorrow too because union – of the union constitution changed?

MS. ROBINSON: Right.

THE COURT: Okay.  Interesting.  All right.  And do you have any case law for that?

MS. ROBINSON: No, Your Honor.

THE COURT: So I would be the first person ever to say that, as far as you know?

MS. ROBINSON: Right.

(*Id*. at Page ID # 1546)

Similarly, Plaintiff Sherwood testified that he "believe[s] that the IUPAT constitution provides [him] with what to do with removal and appointment on union trustees."  (*Id*. at Page ID # 1742)  And that the International Union's constitution "ranks supreme" over the Trust Agreement regarding appointment and removal of Trustees.  (11/14/23 Transcript, RE 42, at Page ID # 1821)

In their appellate brief, Plaintiffs try to distance themselves from the obvious place that their position leads to—*i.e.*, that the Trust Agreement is irrelevant. However, at the preliminary injunction hearing, the District Court summed up

25

Plaintiffs' position perfectly: "if [the Trust Agreement is] the same as the constitution, it's irrelevant. And if it's different from the constitution, it isn't enforceable, so either way it's irrelevant." (*Id*. at Page ID # 1853) In response to the District Court's statement, Plaintiffs' counsel obfuscated, but again confirmed that Plaintiffs' position is that the Trust Agreement's provisions are only enforceable if they "agree with" the International Union's constitution. (*Id*. at Page ID # 1853-54)

The District Court correctly rejected this argument, noting that "[i]t is difficult for the [District] Court to square this broad understanding of entrenchment with ERISA's underlying mandate, which requires Fund trustees to put *the Fund's* interests over those of whoever appointed them." (Opinion, RE 58 at Page ID # 2407) The District Court's rejection of Plaintiffs' position in this case is perfectly understandable given the Supreme Court was clear in *Amax Coal* that "the fiduciary requirements of ERISA specifically insulate the trust from the employer's [and the union's] interest." 453 U.S. at 333.

A position on entrenchment that nullifies the Trust Agreement is also untenable given the statutory requirements under ERISA and the Taft-Hartley Act. Section 302(c)(5) of the Taft-Hartley Act says that a fund must be administered pursuant to a written agreement; ERISA Section 402 requires that every benefit plan be maintained pursuant to a written instrument with features the International

Union constitution does not have; ERISA Section 403 requires establishment of a trust; and ERISA Section 404(a)(1) lists acting in accordance with a plan's governing documents as one of the four fiduciary responsibilities. *See also, e.g.*, *Cent. States, Se. & Sw. Areas Pension Fund v. Behnke, Inc.*, 883 F.2d 454, 459 (6th Cir. 1989) ("[T]he LMRA and ERISA require employer contributions to trust funds on behalf of employees to be pursuant to detailed written agreements specifying the employer's duty to contribute."); *Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491, 1493 (9th Cir. 1990) ("ERISA requires that employee benefit plans such as the one here be established as written formal trusts.").

Simply stated, the International Union's constitution and the Fund's Trust Agreement are distinct documents with different purposes and parties bound by those documents. *See Shipman v. Logan*, No. 16-CV-79-GKF-FHM, 2017 WL 653545, at *3 (N.D. Okla. Feb. 16, 2017) ("[T]he IBEW Constitution and Trust Agreements are governed by two entirely distinct and separate contracts with different parties. Plaintiffs offer no basis for the contention that the internal operating procedures of IBEW control the terms of the Trust Agreements.") (citation and internal quotations omitted).

Plaintiffs' assertion that any provision in the Trust Agreement that is "in conflict" with the International Union's constitution is unlawfully entrenching has

134537652v1

no merit. If it did have merit, it would necessarily mean that the Trust Agreement is irrelevant, just as the District Court noted. Plaintiffs' position is unsupportable under the governing statutes and Supreme Court authority.

Moreover, to the extent that Plaintiffs' arguments (and the case law upon which they rely) are based on an alleged violation of Section 302(c)(5) of the Taft-Hartley Act, those should be rejected. First, the Supreme Court held thirty years ago that Courts do not have jurisdiction to issue injunctions requiring trust funds to be administered in the manner described in § 302(c)(5). In *Local 144 Nursing Home Pension Fund v. Demisay,* 508 U.S. 581 (1993), the Supreme Court addressed whether § 302(e)'s jurisdictional provision can be used to enforce the parameters of § 302(c)(5). The Supreme Court held

> that § 302(e) does not provide authority for a federal court to issue injunctions against a trust fund or its trustees requiring the trust funds to be administered in the manner described in § 302(c)(5).

*Id.* at 587; *see also Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 588 (6th Cir. 2016) ("the only manner by which a violation of § 186(c)(5) is relevant is if a plaintiff alleges that the plan was established for a purpose contravening law.").

Second, Plaintiffs appear to be arguing that there is some ERISA violation or a violation of Section 302(c)(5) of the Taft-Hartley Act for Defendants Smith and Clark to remain as Trustees even though they have resigned from the Union. But Plaintiffs have offered no statutory or case law support for that contention.

28

Defendants Smith and Clark were <u>appointed</u> as Trustees in accordance with the Trust and by the other Union-appointed Trustees. That is what Section 302(c)(5) requires. *See Amax Coal*, 453 U.S. at 330 ("§ 302(c)(5)(B) requires an equal balance between trustees appointed by the union and those appointed by the employer ...."). Whether or not Defendants Smith and Clark remain Union members or vote the way the Union wants them to vote cannot dictate whether they are "valid" Union-appointed trustees. *Id.* ("nothing in the language of § 302(c)(5) reveals any congressional intent that a trustee should or may administer a trust fund in the interest of the party that appointed him ....").

In short, none of Plaintiffs' entrenchment theories (or claimed violations of the Taft-Hartley Act) are supported by statute or case law. The District Court did not abuse its discretion when it rejected Plaintiffs' contention that its theory of entrenchment automatically equates to irreparable harm.

The District Court also did not abuse its discretion when it rejected any of the other "vague complaints raising potential notions of generalized harms" Plaintiffs may have raised to try to support a showing of irreparable harm. (Opinion, RE 58 at Page ID # 2403) In their appeal brief, Plaintiffs' claim to address irreparable harm under their "Prohibited Transactions" claims, but all they do is equivocate and make those same "vague complaints raising potential notions of generalized harms" that they did before the District Court.

29

Plaintiffs admit on Page 30 of their appeal brief that the <u>only</u> "Prohibited Transactions" they alleged against Defendants are "(1) using plan assets to pay the invoices of Potts-Dupree for attorneys' fees incurred in connection with internal Union charges; and (2) entering into employment agreements with and compensating Smith and Clark for serving as employees of the Fund while also serving as Trustees."  (Doc. 25 at Page 35)  Even if this Court agreed that Plaintiffs were likely to succeed on the merits of those claims, there is absolutely no reason why monetary damages would be insufficient as a remedy, nor do Plaintiffs even attempt to make a coherent argument otherwise.  It is axiomatic that "[m]onetary damages are not irreparable harm." *Kohler v. City of Cincinnati*, No. 1:20-CV-889, 2021 WL 761630, at *11 (S.D. Ohio Feb. 27, 2021) (citations omitted).

The District Court correctly concluded that Plaintiffs failed to clearly show that they would suffer any sort of irreparable harm (or that any irreparable harm would befall anyone or anything) without a preliminary injunction.  Plaintiffs have offered no reason, argument, or case law to this Court showing that the District Court abused its discretion.  The District Court's opinion should be affirmed.

**2. The District Court's opinion could also be affirmed on the basis that Plaintiffs' entrenchment claims do not have a likelihood of success on the merits.**

This District Court found it unnecessary to fully address whether Plaintiffs were likely to succeed on the merits of their claims because it correctly held that

Plaintiffs failed to show irreparable harm.  If this Court is inclined to address the likelihood of success factor, the District Court's opinion could also be affirmed on the basis that Plaintiffs' entrenchment claims are unlikely to succeed on the merits.

Plaintiffs' arguments on entrenchment are based off of a short Department of Labor opinion letter from 1985 and a thin body of case law which has its nexus in that opinion letter. Plaintiffs cite to this case law for the notion that unless a provision in a trust agreement allows for termination of a trustee on "reasonably short notice," that provision violates ERISA.

But there is nothing in the detailed ERISA statue or the myriad ERISA regulations mentioning entrenchment, much less offering a definition or rule for what "reasonably short notice" entails. Despite the District Court asking Plaintiffs' counsel what "reasonably short notice" means or what rule to apply, Plaintiffs offered no explanation to the District Court nor have they offered one to this Court. (11/13/23 Transcript, RE 42 at Page ID # 1547-48)  Does it mean that termination must be able to be achieved quickly? If so, there is no waiting period for removal in the Fund's Trust Agreement. Or does "reasonably short notice" mean that removal must be easy to accomplish? If so, how easy? As the District Court noted at the hearing, the change to require a three-fourths affirmative vote of all Trustees makes removal easier in some scenarios.  (*Id*. at Page ID # 1543)

Setting aside (for a moment) the fact that none of the entrenchment case law is grounded in an ERISA statute or regulation, there are many other reasons why Plaintiffs' cited case law is fatally flawed. First, all of that case law, as well as Plaintiffs' claims here, are brought as breach of fiduciary duty claims. But the law in this Circuit is clear that "trustees of a multi-employer pension benefit plan do not act as fiduciaries under ERISA when they amend, modify, or terminate the plan." *Gard v. Blankenburg*, 33 F. App'x 722, 728 (6th Cir. 2002); *see also Myers v. Bricklayers & Masons Loc. 22 Pension Plan*, 629 F. App'x 681, 685 (6th Cir. 2015) ("no breach of ERISA's § 1104(a)(1) fiduciary duties occurs from amending the terms of a plan."); *Detroit Terrazzo Contractors Ass'n v. Bd. of Trs. of B.A.C. Loc. 32 Ins. Fund*, 71 F. App'x 539, 542 (6th Cir. 2003) ("in amending the Trust Agreement, the Trustees were not acting as fiduciaries."); *Pope v. Cent. States Se. & Sw. Areas Health & Welfare Fund*, 27 F.3d 211, 213 (6th Cir. 1994) ("we apply the rule developed in cases clarifying that when an employer decides to ... amend ... a benefits plan, as opposed to managing any assets of the plan and administering the plan in accordance with its terms, its actions are not to be judged by fiduciary standards.'") (citations and internal quotations omitted).

Second, a Trustee to an ERISA-governed plan does not breach his/her fiduciary duty by merely presiding over a Trust agreement that allegedly contains provisions which might be considered unlawful. "[I]t is clear that the inquiry into

whether a plan trustee has breached a fiduciary duty must be squarely directed at

determining whether any of the trustees' actions or omissions in managing and

administering the plan breached an ERISA fiduciary duty, rather than on whether

the terms of the plan administered by the trustee violated ERISA in some respect."

*Cement & Concrete Workers Dist. Council Pension Fund v. Ulico Cas. Co.*, 387 F.

Supp. 2d 175, 185 (E.D.N.Y. 2005), *aff'd,* 199 F. App'x 29 (2d Cir. 2006).

"Trustees do not breach their fiduciary duties under ERISA simply by presiding

over a plan which fails in some respect to conform to one of ERISA's myriad

provisions[, but r]ather ..., where the trustee fails to discharge one or more of the

duties described in 29 U.S.C. § 1104." *Id.* at 184.

    "The proposition that a trustee who administers a pension plan knowing it to

be in violation of ERISA acts in violation of his fiduciary duties under ERISA,

while perhaps facially attractive, is based on an overly broad reading of ERISA §

404(a), and comes to this court conspicuously unsupported by caselaw." *Id.* at 185

(quotation omitted); *see also Sec'y of Lab. v. Macy's, Inc.*, No. 1:17-CV-541, 2022

WL 407238, at **5-7 (S.D. Ohio Feb. 10, 2022) (collecting cases and noting "the

weight of ... persuasive authority *rejects"* the contention that a fiduciary breaches

his/her duties by enforcing a plan that violates ERISA); *Paul v. RBC Cap. Markets*

*LLC*, No. C16-5616 RBL, 2018 WL 3630290, at *7 (W.D. Wash. July 31, 2018)

("Even construing 'fiduciary duties' liberally, ... in the absence of some articulable

134537652v1

conduct that violates a fiduciary duty, correctly enforcing a flawed plan does not support a breach of fiduciary duty claim as a matter of law.").

If a Trustee could be liable for breach of a fiduciary duty under Plaintiffs' entrenchment theory, an individual could be voted in as a Trustee and immediately be subject to a breach of fiduciary duty claim for presiding over a Trust that contains allegedly unlawful provisions.  Given that a breach of fiduciary duty claim carries the potential for damages directly assessed against a Trustee, it would be absurd that a breach of fiduciary duty claim could stand against a Trustee for simply presiding over a Trust with allegedly unlawful provisions.

Another stumbling block for Plaintiffs' entrenchment claims is the fact that "No fiduciary shall be liable with respect to a breach of fiduciary duty ... if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary." 29 U.S.C. § 1109(b).  Only one of the allegedly unlawfully entrenching provisions—making removal of a Trustee contingent on three-fourths approval of all Trustees—was implemented by any of the Defendants.  Given there is no evidence to support that any Defendant had involvement with implementing any of the other allegedly offending provisions, it makes no sense that they could be liable for breaching a fiduciary duty merely by dint of the fact that those provisions existed in the Trust Agreement.

34

Nonetheless, to the extent the Court believes that the entrenchment concept should find footing in ERISA in some way, examination of any provision for entrenchment should at least have to take into account other ERISA provisions. For example, a "just cause" removal standard should not be *per se* unlawful. A primary requirement for any fiduciary is to act in the best interests of the Fund and the Fund's beneficiaries. *See* 29 U.S.C. § 1104(a)(1). A "just cause" requirement allows a fiduciary to vote in the manner that the fiduciary believes is solely within the best interest of the Fund and the Fund's beneficiaries without pressure that the fiduciary will be subject to removal if he/she does not vote in favor of interests aligned more with a union, an employer, or some other third-party.

Also, requiring a three-fourths affirmative vote of all trustees for removal should not be *per se* unlawful. Similar to a "just cause" requirement, a three-fourths vote requirement allows a trustee more freedom to vote in favor of what the trustee believes is in the best interests of the Fund and its beneficiaries. And because a trustee can be liable under 29 U.S.C. § 1105 for a co-trustee's fiduciary breach, it does not make sense that a framework where all trustees are able to vote on removal of any trustee would be *per se* unlawful under ERISA.

Lastly, Plaintiffs' entrenchment claims are also unlikely to succeed on the merits because granting Plaintiffs' the injunctive relief they are seeking would result in Plaintiff Sherwood as the most entrenched under any fathomable concept

35

of entrenchment.  If Plaintiffs get the injunctive relief they are seeking, it would mean that the Union's business manager/secretary-treasurer (Plaintiff Sherwood's position) would be an automatic Trustee and would hold all appointment and removal authority for all Union-side Trustees.  In other words, Plaintiff Sherwood would be immune from removal by any other Trustee or any beneficiary short of seeking his removal in Court.

Plaintiff Sherwood admitted that under the Plaintiffs' theory of this case, he could only be removed from his business manager/secretary-treasurer position if he was found guilty on internal Union charges.  (11/14/23 Transcript, RE 42, at Page ID # 1830)  And the Union's position is that it would only consider Union charges alleging a breach of an ERISA fiduciary duty if that person was first found liable for breaching an ERISA fiduciary duty in a court of law.  (*Id*. at Page ID # 1830-31)  Plaintiff Sherwood further confirmed that Plaintiffs' position in this case is that no other Fund Trustee or Fund beneficiary could take steps to seek his removal as a Trustee.  (*Id*. at Page ID # 1838)  He also confirmed that if any Fund Trustee or Fund beneficiary wanted to remove any other Union-appointed Trustee, he would have to approve the removal.  (*Id*. at Page ID # 1840-41)

To the extent that this Court is inclined to hold that some version of the "reasonably short notice" standard must apply to removal provisions in a ERISA-governed trust agreement, Plaintiffs' requested relief could not possibly fit any

36

construction of that standard.  Short of a court of law finding Plaintiff Sherwood liable for breaching a fiduciary duty and a person then convincing the powers-that-be at the International Union to file internal Union charges against Plaintiff Sherwood, he would be immune from removal.  Because Plaintiffs' requested relief would run afoul of any conceivable "reasonably short notice" standard, Plaintiffs' are unlikely to succeed on the merits of their entrenchment claims.

Based on each and all of the foregoing arguments, Plaintiffs are unlikely to succeed on the merits of their entrenchment claims.  The District Court's denial of Plaintiffs' motion for preliminary injunction could be affirmed on this basis, too.

### C.    The District Court Correctly Concluded That Plaintiffs Failed To State A Claim Upon Which Relief Could Be Granted Against The Employer Trustee Defendants.

As addressed above, the District Court's decision granting the Employer Trustee Defendants' motion to dismiss is not an appealable final decision. Nonetheless, if this Court is inclined to address that portion of the District Court's decision, it should be affirmed.

**1.    The District Court correctly dismissed Count I against the Employer Trustee Defendants because, even construing Plaintiffs' allegations as true, the Employer Trustee Defendants were not acting in a fiduciary capacity and because Plaintiffs have not pled claims under ERISA § 404(a)(1)(B) upon which relief can be granted.**

The allegations against the Employer Trustee Defendants in Count I of the Complaint are that the Employer Trustee Defendants violated ERISA §

37

404(a)(1)(B) when they voted in favor of amending Article III, Section 3 of the Trust and when they did not vote for removal of Defendants Smith and Clark as Trustees of the Fund.  (Complaint, RE 5 at Page ID 365)  "In every case charging breach of ERISA fiduciary duty, [] the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting *as a fiduciary* (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000) (emphasis added).

As referenced above, the law in this Circuit is clear that "trustees of a multi-employer pension benefit plan do not act as fiduciaries under ERISA when they amend, modify, or terminate the plan." *Gard*, 33 F. App'x at 728.  Thus, the District Court correctly dismissed the allegation in Count I that the Employer Trustee Defendants breached their fiduciary duties by voting in favor of an amendment to the removal provisions in the Trust Agreement.

On appeal, Plaintiffs first argue that the District Court erred because there is case law standing for the proposition that trustees "act in a fiduciary capacity in selecting and retaining plan administrators."  (Doc. 25 at Page 48)  But that is not the issue.  The issue is whether amending the Trust Agreement is a fiduciary act. This Circuit clearly holds that it is not.  *See Myers*, 629 F. App'x at 685 ("no

38

breach of ERISA's § 1104(a)(1) fiduciary duties occurs from amending the terms of a plan."); *Detroit Terrazzo*, 71 F. App'x at 542 ("in amending the Trust Agreement, the Trustees were not acting as fiduciaries.").

Plaintiffs' second argument on appeal is to simply ask this Court to adopt the reasoning in *Masino v. Montelle*, No. 05CV2447ERKRML, 2005 WL 8159617 (E.D.N.Y. July 14, 2005). But as the Employer Trustee Defendants pointed out to the District Court, the block quote that Plaintiffs rely upon from *Masino* conflates the act of amending a Trust agreement with the act of voting to appoint or remove a Trustee. *Id*. at *10. Additionally, a large part of the *Masino* court's rationale is based on its belief that the Supreme Court's holdings in *Curtiss-Wright*, *Lockheed*, and *Hughes Aircraft* were distinguishable from cases involving multi-employer plans because those cases only concerned single employer plans. *Id.* at **10-12 (discussing *Hughes Aircraft Co. v. Jacobson,* 525 U.S. 432, 119 S.Ct. 755, 142 L.Ed.2d 881 (1999); *Lockheed Corp. v. Spink*, 517 U.S. 882, 116 S.Ct. 1783, 135 L.Ed.2d 153 (1996); and *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 115 S.Ct. 1223, 131 L.Ed.2d 94 (1995) and concluding based on Second Circuit law that their holdings did not apply to a multi-employer plan). But this Court has already analyzed those Supreme Court cases, concluded that their holdings apply to multi-employer plans, and affirmed that amending a multi-employer plan is not a fiduciary act. *See Gard*, 33 F. App'x at 728 ("trustees of a multi-employer

pension benefit plan do not act as fiduciaries under ERISA when they amend, modify, or terminate the plan.").

The second part of Plaintiffs' Count I against the Employer Trustee Defendants was that that they violated their fiduciary duties of prudence by not voting in favor of Plaintiff Sherwood's motion to remove Defendants Smith and Clark.  The District Court correctly held that "[i]t is hard to argue that refusing to recognize a removal notice not in accord with the governing Trust documents involves an exercise of discretionary authority over the management of the Fund." (Opinion, RE 58 at Page ID # 2414)  The Northern District of New York in *Fuchs v. Allen*, similarly stated:

> The decision to not recognize plaintiff Fuchs' order removing defendant Allen and appointing himself as a Union Trustee did not implicate any of the Funds' assets or otherwise work to the financial detriment of the Funds. It was a decision pertaining to, at most, the form or structure of the Funds. It was not among "'the common transactions dealing with a pool of assets, [such as] selecting investments, exchanging one instrument or asset for another, and so on.'" *See Harris Trust,* 302 F.3d at 28 (quoting *Johnson,* 19 F.3d at 1189).

363 F. Supp. 2d 407, 418 (N.D.N.Y. 2005).  Thus, "the act of refusing to recognize a removal and appointment notice is not a fiduciary act."  *Id*. at 417.  The District Court's conclusion that the Employer Trustee Defendants were not acting in a fiduciary capacity as it relates to the allegations in Count I should be affirmed.

40

But even if this Court believes that the Employer Trustee Defendants had engaged in fiduciary acts as it relates to Plaintiffs' allegations in Count I, those allegations still fail to state a claim. "The test for determining whether a fiduciary has satisfied his duty of prudence is whether the individual trustees, at the time they engaged in the challenged transactions, employed the appropriate methods to investigate the merits of the" act at issue. *Pfeil v. State St. Bank & Tr. Co.*, 806 F.3d 377, 384 (6th Cir. 2015) (quoting *Hunter v. Caliber Sys., Inc.*, 220 F.3d 702, 723 (6th Cir. 2000)). "In other words, [the Court] must 'focus ... on whether the fiduciary engaged in a reasoned decision[-]making process, consistent with that of a prudent man acting in [a] like capacity." *Id.* (quoting *Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 356 (4th Cir. 2014)) (emphasis in *Pfeil*).

Here, the only allegation that could even be construed as attacking the Employer Trustee Defendants' decision-making process is where Plaintiffs allege that "[m]inimal investigation into the 'for just cause' language and into the 'three-quarter (3/4) affirmative vote of all Trustees present and voting' language would have shown that such language constitutes structural entrenchment and violates ERISA's requirement that arrangements with fiduciaries be reasonably terminable on short notice." (Complaint, RE 5 at Page ID # 364-65) That is a prime example of a "bare allegation[] without any reference to the who, what, where, when, how or why" that should not survive a motion to dismiss. *Macy's, Inc.*, 2021 WL

41

5359769, at *5 (quoting *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 437 (6th Cir. 2008)).

What do Plaintiffs contend should have been "minimally investigated"? ERISA case law and other various resources examining verbiage in multi-employer benefits plan trust agreements? "ERISA does not require that a fiduciary discharge his duties with the care and skill that a prudent expert would use." *In re Iron Workers Loc. 25 Pension Fund*, 811 F. Supp. 2d 1295, 1316 (E.D. Mich. 2011) (citing *Donovan v. Cunningham,* 716 F.2d 1455, 1467 n. 26 (5th Cir. 1983)). Plaintiffs' bare allegations fail to meet the necessary pleading standards. The District Court's dismissal of Count I should be affirmed.

> **2. The District Court's dismissal of Count II should be affirmed for the same reasons as Count I and because Plaintiffs did not state a claim under ERISA § 404(a)(1)(A) upon which relief could be granted.**

The allegations in Count II against the Employer Trustee Defendants are that they relied on Article III, Sections 1, 2, and 3 of the Trust "to justify their actions" and that their reliance on those provisions of the Trust was in breach of their fiduciary duties under ERISA § 404(a)(1)(A). (Complaint, RE 5 at Page ID # 365-66) Or as the District Court correctly noted, Count II is a rehash of Count I, but now pled as a breach of the ERISA duty of loyalty (rather than the duty of prudence). (Opinion, RE 58 at Page ID # 2415) Thus, all of the same arguments regarding the fact that the Employer Trustee Defendants were not acting in a

42

fiduciary capacity apply to Count II.  The District Court's decision to dismiss Count II should be affirmed for this reason alone.

But to the extent this Court believes it needs to probe further, the District Court's decision to dismiss Count II could be affirmed on other grounds, too. When considering whether the duty of loyalty has been breached under ERISA § 404(a)(1)(A), the proper inquiry is whether "the fiduciary's conduct reflects a subordination of beneficiaries' and participants' interests to those of a third party." *Bussian v. RJR Nabisco, Inc.*, 223 F.3d 286, 298 (5th Cir. 2000).  Put differently, the Court must ask whether the facts alleged plausibly indicate "that [the] fiduciary acted <u>for the purpose of</u> providing benefits to itself or some third party"—rather than the participants and beneficiaries. *Cassell v. Vanderbilt Univ.*, 285 F. Supp. 3d 1056, 1062 (M.D. Tenn. 2018) (emphasis in original).

Rather than actually point to alleged facts which would support that the Employer Trustee Defendants engaged in acts that were a subordination of beneficiaries and participants' interest, Plaintiffs' state the following in their Complaint at ¶ 51:

> Defendants' reliance on [the allegedly entrenching] provisions are in violation of ERISA 29 U.S.C. 1104(a)(1)(A)'s requirement that a fiduciary discharge his duties with respect to a plan solely in the interest of participants and beneficiaries of the fund, as it operates to entrench sitting Trustees and prevent oversight and appointment and removal power of the Union necessary to discharge its monitories duties as a fiduciary of the fund.

43

(Complaint, RE 5 at Page ID # 366)

Said much more plainly, Plaintiffs are claiming that "reliance" on provisions in the Trust Agreement equates to a breach of the fiduciary duty of loyalty because those provision are entrenching and because they do not allow the Union to have unilateral appointment and removal power.  As addressed above, even if the provisions in the Trust Agreement run afoul of ERISA, simply presiding over or enforcing that Trust Agreement cannot automatically equate to a breach of fiduciary duty.  *See Ulico*, 387 F. Supp. 2d at 185; *RBC Cap. Markets LLC*, 2018 WL 3630290, at *7 ("Even construing 'fiduciary duties' liberally, ... in the absence of some articulable conduct that violates a fiduciary duty, correctly enforcing a flawed plan does not support a breach of fiduciary duty claim as a matter of law."). And the idea that any provision preventing the Union from having unilateral appointment and removal power is unlawful is contrary to Supreme Court authority.  *See Amax Coal*, 453 U.S. at 330.

The District Court's decision to dismiss Count II should be affirmed.

**3. The District Court's dismissal of Count III should be affirmed because it was proper for the Fund to cover the legal fees incurred by Defendants Smith and Clark in connection with their defense of Union charges that were pursued to try to force them out of their Trustee positions.**

The allegations in Count III against the Employer Trustee Defendants are that they breached their fiduciary duties under ERISA § 404(a)(1)(A) by voting in

44

favor of paying from Fund assets invoices from the law firm of Potts-Dupree, Hawkins, and Kramer which represented legal fees incurred advising Defendants Smith and Clark in connection with the Union charges filed against them by Plaintiff Sherwood.  (Complaint, RE 5 at Page ID # 366-67)

The District Court correctly noted that "the question is whether the legal expenses reimbursed and at issue here were for the Fund's benefit, including its 'management and preservation,' or whether they were for Smith's and Clark's personal benefit."  (Opinion, RE 58 at Page ID # 2417)   "If the former, indemnification is fine; if the latter, not so much."  (*Id*.)  Plaintiffs do not quibble with the District Court's framing of the relevant question.  Instead, they simply argue that "[w]here all inferences must be made in favor of the Plaintiffs at this stage, it was inappropriate for the District Court to come to a conclusion that they were for the management and preservation of the trust without giving Plaintiffs the ability to conduct discovery and prove its contention."  (Doc. 25 at Page 56)

But Plaintiffs' very basic argument[1] ignores the fact that their own allegations show that the legal fees in question were properly covered by the Fund. As the District Court noted, Plaintiffs' own allegations confirm that the "stated purpose of the internal Union charges was to force Smith and Clark out of their

---

[1] Plaintiffs' argument about needing discovery also makes no sense given that the parties conducted significant discovery, including written discovery and depositions, prior to the preliminary injunction hearing.

45

Trustee positions."  (Opinion, RE 58 at Page ID # 2418)  Plaintiffs do not dispute this fact, nor could they.  Plaintiff Sherwood testified that he filed the internal Union charges against Defendants Smith and Clark "to try to get them to step down as trustees."  (11/13/23 Transcript, RE 42, Page ID # 1643)  Plaintiff Sherwood also admitted that the second set of internal Union charges that he filed against Defendants Smith and Clark were because "the trial board gave them two days or three days to resign their positions ... and they did not comply ...."  (*Id*. at Page ID # 1651)  Plaintiff Sherwood further confirmed that had Defendants Smith and Clark resigned from their Trustee positions, he would not have gone forward with Union charges against them.  (11/14/23 Transcript, RE 43 at Page ID # 1822)

It is hard to imagine Plaintiffs would argue that Fund counsel providing legal advice to any of the Trustees as it relates to removing a Trustee under the terms of the Trust is unrelated to management of the Trust.  Why should that be any different where the advice is given in connection with a proceeding outside the parameters of the Trust, especially where those proceedings were because those Trustees refused to follow another Trustee's directive that they must resign?  The District Court correctly concluded that it is not any different.  And Plaintiffs have offered no reason why the District Court's conclusion in that regard should be reversed.  The District Court's decision to dismiss Count III against the Employer Trustee Defendants should be affirmed.

46

## VII.  CONCLUSION

For the foregoing reasons, Defendants-Appellees Jeremy Turi, Joe Conley, James Eck, Chad Hudepohl, Kyle Young, and Jeff Qvick respectfully submit that the Plaintiffs-Appellants' appeal from the District Court's decision to grant the Employer Trustee Defendants' motion to dismiss should be dismissed for lack of jurisdiction and that the District Court's decision in its entirety should be affirmed.

September 5, 2024

/s/ Evan T. Priestle
Evan T. Priestle (0089889)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202-3957
Tel:  513.381.2838
Fax:  513.381.0205
epriestle@taftlaw.com

*Attorney for Defendants-Appellees Jeremy Turi, Joe Conley, James Eck, Chad Hudepohl, Kyle Young, and Jeff Qvick*

134537652v1

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because the word-processing system used to prepare the brief, Microsoft Word, indicates that this brief contains 11,145 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

September 5, 2024

/s/ Evan T. Priestle
Evan T. Priestle (0089889)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202-3957
Tel:  513.381.2838
Fax:  513.381.0205
epriestle@taftlaw.com

*Attorney for Defendants-Appellees Jeremy Turi, Joe Conley, James Eck, Chad Hudepohl, Kyle Young, and Jeff Qvick*

48

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Brief of

Defendants-Appellees Jeremy Turi, Joe Conley, James Eck, Chad Hudepohl, Kyle

Young, and Jeff Qvick was filed this 5th day of September, 2024, via the CM/ECF

system, which will serve all counsel of record.

s/ Evan T. Priestle

Evan T. Priestle

# VIII. ADDENDUM

| Record Entry No. | Description of Document | Date Filed | Page ID Range |
|---|---|---|---|
| 2 | Motion for Preliminary Injunction | 8/9/2023 | 310-339 |
| 5 | Verified Complaint | 8/9/2023 | 349-371 |
| 5-1 | Union constitution | 8/9/2023 | 372-569 |
| 5-3 | Trust Agreement | 8/9/2023 | 602-648 |
| 22 | Union Trustee Answer | 9/25/2023 | 711-728 |
| 23 | Employer Trustee MTD | 9/25/2023 | 729-745 |
| 25 | Plaintiffs' Response to MTD | 10/16/2023 | 748-767 |
| 26 | Reply in Support of MTD | 10/30/2023 | 768-782 |
| 34 | Fund Motion to Intervene | 11/10/2023 | 1050-1150 |
| 40 | Plaintiffs' Post-Hearing Brief | 11/22/2023 | 1515-1526 |
| 42 | 11/13/23 Transcript | 11/29/2023 | 1530-1799 |
| 43 | 11/14/23 Transcript | 11/29/2023 | 1800-2093 |
| 44 | 11/15/23 Transcript | 11/29/2023 | 2094-2159 |
| 45 | Union Trustee Defendants' Post-Hearing Brief | 12/1/2023 | 2160-2170 |
| 46 | Employer Trustee Defendants' Post-Hearing Brief | 12/1/2023 | 2171-2181 |
| 48 | Plaintiffs' Reply to Employer Trustee Defendants' Post-Hearing Brief | 12/6/2023 | 2193-2202 |
| 49 | Plaintiffs' Reply to Union Trustee Defendants' Post-Hearing Brief | 12/6/2023 | 2203-2213 |
| 50 | Plaintiffs' Response in Opp to Motion to Intervene | 12/29/2023 | 2214-2221 |
| 52 | Fund's Reply in Support | 1/17/2024 | 2230-2235 |
| 58 | Opinion | 3/8/2024 | 2385-2427 |
| 64 | Notice of Appeal | 4/3/2024 | 2524-2525 |

134537652v1