Case No. 24-3282

---

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

---

## INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES DISTRICT COUNCIL NO. 6, et al

### Plaintiffs-Appellants

### v.

### WARREN SMITH, et al

### Defendants-Appellees.

---

## APPEAL FROM THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO, CINCINNATI DIVISION

## PLAINTIFFS-APPELLANTS' REPLY BRIEF

---

**Diana Robinson (OH# 0086642)**
**Paoff, Robinson, & Widman LLC**
**405 Madison Ave., Suite 1100**
**Toledo, Ohio  43604**
**Ph.: (419) 243-9005**
**Fax: (419) 243-9404**
[diana@prwattorneys.com](mailto:diana@prwattorneys.com)
**Attorney for Appellants**

i

## TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................1

II.  ARGUMENT. ...................................................................................4

   A.  The District Court abused its discretion in denying Plaintiffs' Motion

   for Preliminary Injunction. ...............................................................4

   B.  The District Court erred in granting the Employer Trustee Defendants'

   Motion to Dismiss. .........................................................................18

III. CONCLUSION. ................................................................................25

# TABLE OF AUTHORITIES

*Angelotti Chiropractic v. Baker*, 791 F.3d 1075 (9th Cir. 2015)...................................... 19

*Arc of Cal. v. Douglas*, 757 F.3d 975, 993 (9th Cir. 2014) ........................................... 19

*Barsoumian v. Univ. at Buffalo*, 594 F. App'x 41 (2d Cir. 2015) ................................. 19

*Brennan v. Twp. of Northville*, 78. F.3d 1152, 1157 (6th Cir. 1996)............................. 18

*Bussian v. RJR Nabisco, Inc.*, 223 F. 3d 286, 298 (5th Cir. 2000) ............................... 22

*Demopoulos v. Whelan*, S.D.N.Y. No. 17-CV-5823, 2017 U.S. Dist. LEXIS 156407, at *10-13
(Sep. 25, 2017)..................................................................................................... 4

*Detroit Terrazzo Contrs. Assn. v. Board of Trs. of the B.A.C. Local 32 Ins. Fund*, 71 Fed. Appx.
539 (6th Cir. 2003)............................................................................................... 21

*IBEW v. Nat'l Elec. Contractors Ass'n*, 2008 U.S. Dist. LEXIS 25524 (D. Conn. Mar. 31, 2008) 6

*Int'l Union of Bricklayers & Allied Craftsmen Local No. 5 v. Hudson Valley Dist. Council
Bricklayers & Joint Benefit Funds*, 858 F. Supp. 373, 376 (S.D.N.Y. 1994).................. 4,14,15

*Leigh v. Engle*, 727 F.2d 113, 133 (7th Cir. 1984) ..................................................... 15

*Levy v. Local Union No. 810,* 20 F.3d 516, 519 (2nd Cir. 1994).................................... 23

*Liss v. Smith*, 991 F. Supp. 278 (S.D.N.Y. 1998) ...................................................... 7

*Masino v. Montelle*, E.D.N.Y. No. 05 CV 2447, 2005 U.S. Dist. LEXIS 51934, at *42-44 (July
14, 2005) ..........................................................................................4,5,11,14,20,21

*Mobile, Alabama-Pensacola, Florida Bldg. & Constr. Trades Council v. Daugherty,* 684 F.
Supp. 270, 280 (1988)........................................................................................... 14

*NLRB v. Amax Coal,* 453 U.S. 322, 330 (1981) ........................................................ 4

*Peterson v. Petry*, 2007 U.S. Dist. LEXIS 75204 (C.D. Ill. Oct. 10, 2007) .................... 6

*Petronykoriak v. Equifax Info. Servs. LLC,* 2021 WL 6144163, at *1 (6th Cir. Dec. 16, 2021).. 18

*Reliant Transp., Inc. v. Div. 1181 Amalgamated Transit Union*, 2019 U.S. Dist. LEXIS 198030

 (E.D.N.Y. Nov. 14, 2019) ......................................................................... 7

*S.E.C. v. Smith*, 710 F.3d 87, 94 (2d Cir. 2013) ........................................... 18

*Stockwell v. Hamilton,* 163 F. Supp. 3d 484 (E.D. Mich. 2016) ................... 7

*Teamster Local No. 145 v. Kuba,* 631 F. Supp. 1063 (D. Conn. 1986) ................................... 13,14

*Teamsters Local Union No. 786 v. Blevins*, 2020 U.S. Dist. LEXIS 184704 (N.D. Ill., 2020) 4, 14

*Wasser v. Deianni*, 2019 U.S. Dist. LEXIS 99185 (D. Colo. June 13, 2019 ................................ 7

*Whitfield v. Tomasso*, 682 F. Supp. 1287 (E.D.N.Y. 1988) ........................... 7

*United Healthcare Workers-West v. Borsos*, 2010 U.S. Dist. LEXIS 45459 (N.D. Cal. May 10, 2010)…………………………………………………………………………………..12

## I.    INTRODUCTION

In their briefs, Defendants-Appellees' ("Defendants") arguments are largely red herrings intended to distract the Court from the simple nature of this case. Defendants attempt to coax this Court into engaging in academic exercises that are unnecessary to a determination of the questions presented here in the hopes that the Court gets lost in the minutia of ERISA, the LMRA, and case law and loses sight of the undisputed facts underlying this case that justify preliminary relief.

Defendants Smith and Clark are bad actors who have engaged in self-dealing and prohibited transactions to their own benefit and to the detriment of Fund participants. Recognizing this, Plaintiff Sherwood, exercising his fiduciary duty as removal authority for the Fund, has tried to remove Defendants Smith and Clark. However, Smith and Clark are insulated from removal because of their (and the Employer Trustee Defendants') adoption and application of several Trust Agreement provisions that have made their removal impossible, locking the plan into a disadvantageous arrangement where the interests of the Fund's participants have been usurped by the interests of two individuals.

Regarding Plaintiffs' unlawful entrenchment claims, the Court need only consider the Fund's Trust Agreement's appointment and removal provisions and determine whether they, taken together, constitute unlawful entrenchment. Without a doubt, they constitute unlawful entrenchment under existing agency interpretation

and case law. In fact, the offending provisions in this case are arguably more entrenching than the language found to be entrenching in the cases cited in Plaintiffs' Principal Brief. Likely because they recognize this, Defendants attempt to create conflict in the case law where none exists, to present questions and hypotheticals that are not before this Court, and to distract the Court with unsubstantiated and irrelevant facts.

In cases that have found a likelihood of success on the entrenchment issue, courts have found irreparable harm as a matter of law. There is no question of irreparable harm here, where the Union, as the appointing, removal, and monitoring authority, has been unable to fulfill its fiduciary duty to the plan. First, Plaintiff Sherwood's appointments have been blocked by Smith and Clark leaving several vacancies on the Board even though the Trust Agreement requires that all vacancies be filled. Second, Plaintiff Sherwood's efforts to remove Smith and Clark on the basis of self-dealing and their involvement in prohibited transactions have also been blocked. Despite the Union's efforts to effectively monitor its Trustees, the Fund has been turned into an independent source of power where the participants are no longer represented by the Union Trustees.

Regarding Plaintiffs' prohibited transaction claims, the District Court did not consider Plaintiffs' likelihood of success on the merits. In their Principal Brief, Plaintiffs detailed sufficient evidence to show a likelihood of success on the merits

on their claims that the Defendants committed prohibited transactions and engaged in self-dealing. Likewise, Plaintiffs detailed why preliminary relief is necessary in the form of prohibiting Smith and Clark from continuing to serve as both employees and Trustees of the Fund to prevent future harm. Smith has repeatedly taken action as an employee of the Fund without authority from or approval by the Trustees and Smith and Clark have repeatedly engaged in self-dealing.

When this case is boiled down to the simple issues before the Court, Plaintiffs have shown the necessary elements to obtain a preliminary injunction and the District Court improperly found otherwise. This is not, as Defendants' wish to portray, a rogue union or union officer trying to take over the Fund. Rather, the Fund's participants and beneficiaries must be protected from the malfeasance of Defendants Smith and Clark, who have taken actions solely for their own personal benefit, and the Defendant Employer Trustees, who have insulated Defendants Smith and Clark and have violated their own duties by ratifying (sometimes after the fact) Defendants Smith and Clark's actions which were clearly in furtherance of their own interests rather than the interests of those the Fund was meant to protect.

Finally, contrary to Defendant Employer Trustees' claims, this Court has jurisdiction to hear Plaintiffs' appeal of the dismissal of their claims against the Employer Trustees. Specifically, this Court has pendent jurisdiction over the dismissal and, as stated more fully in their Principal Brief, Plaintiffs sufficiently

3

alleged violations of the Defendant Employer Trustees' fiduciary duties which warranted denial of their Motion to Dismiss.

## II.    ARGUMENT.

### A. <u>The District Court abused its discretion in denying Plaintiffs' Motion for Preliminary Injunction.</u>

1. *Irreparable Harm*.

First, Defendants double-down on the District Court's apparent concern that a finding of irreparable harm on the unlawful entrenchment issue would cause conflict with *NLRB v. Amax Coal,* 453 U.S. 322, 330 (1981). Specifically, the Defendants claim that Trustees cannot act in participants' best interests (as required by ERISA and explained in *Amax*) while also being accountable to the party that appointed them (as recognized by *Demopoulos v. Whelan*, S.D.N.Y. No. 17-CV-5823, 2017 U.S. Dist. LEXIS 156407, at *10-13 (Sep. 25, 2017); *Int'l Union of Bricklayers & Allied Craftsmen Local No. 5 v. Hudson Valley Dist. Council Bricklayers & Joint Benefit Funds*, 858 F. Supp. 373, 376 (S.D.N.Y. 1994); *Masino v. Montelle*, E.D.N.Y. No. 05 CV 2447, 2005 U.S. Dist. LEXIS 51934, at *42-44 (July 14, 2005); *Teamsters Local Union No. 786 v. Blevins*, N.D.Ill. No. 19 C 6317, 2020 U.S. Dist. LEXIS 184704, at *17 (Oct. 6, 2020)).

However, as was more fully set forth in Plaintiffs' Principal Brief, no conflict exists between *Amax* and the unlawful entrenchment cases cited above – Union

Trustees are <u>both</u> (1) required to act in the best interest of participants, <u>and</u> (2) subject to monitoring by the Union and potential removal by the Union, *i.e.* they are accountable to the party that appointed them. Defendants misconstrue small snippets or soundbites of the cases on which Plaintiffs rely without the language or context surrounding those snippets in order to create the appearance of a conflict with *Amex* where one simply does not exist.

For example, Defendants quoted from *Masino* that "Union Trustees must be accountable to the union," but left out the second half of the sentence, which provides that they must also "act in the participants' best interests." *Masino*, 2005 U.S. Dist. LEXIS 51934 at *14. Thus, the Eastern District of New York recognized that Trustees must do both – be accountable to the Union *and* act in the participants' best interests. Additionally, the phrase "be accountable to the Union" when read in context does not mean that the Trustee must advance the Union's interests, but means that Trustees must be subject to removal by the Union if a Trustee takes steps to turn a fund into an independent source of power or if the Union concludes a sitting Trustee's actions are not in the best interest of the Funds, both of which have undisputably happened here (*i.e.,* Defendants have turned the Fund into an independent source of power and have taken actions in their own self-interest rather than in the best interest of the Fund and its participants and beneficiaries). See *Id*. at *42-43.

In their Briefs, Defendants do not dispute that the Union is a fiduciary to the Fund to the extent that it selects, monitors, and removes Union Trustees or that the Union can be held liable for the acts of the fiduciaries that it has the duty to monitor. Just as the cases cited above to support a finding of irreparable harm do not conflict with *Amex*, neither do the cases regarding the Union's duty to monitor.

Defendants also seem to take the position that a union trustee could not possibly show the "'undivided loyalty' to the Trust that the law requires" if a union is given the power to immediately and/or unilaterally remove union trustees. (Doc. 29 at Page 13). However, any attorney with even a modicum of experience representing Taft-Hartley plans knows it is not uncommon for a union to have complete and unfettered authority to appoint and remove union trustees and for a contractors' association or employers to have complete and unfettered authority to appoint employer trustees.

An examination of case law reveals that such removal procedures are routine, have not been questioned by the courts, and have not raised concerns involving the duty of loyalty. *See IBEW v. Nat'l Elec. Contractors Ass'n*, 2008 U.S. Dist. LEXIS 25524 (D. Conn. Mar. 31, 2008) ("The Union shall appoint three (3) individuals to serve as Trustees. Each individual so appointed shall be a member in good standing of the Union and shall continue to serve as a Trustee at the pleasure of the Union."); *Peterson v. Petry*, 2007 U.S. Dist. LEXIS 75204 (C.D. Ill. Oct. 10, 2007) ("Any

Union Trustee may be removed from office at any time by a resolution duly adopted at a regular or special meeting of the Executive Board of the Union); *Wasser v. Deianni*, 2019 U.S. Dist. LEXIS 99185 (D. Colo. June 13, 2019 ("the amendment changed the method for removing union trustees stating, 'Union Trustees may be removed and replaced by the unanimous consent of the ITU and the Largest Local.' Prior to the amendment, the Trust Agreement declared that 'Union Trustees may be removed and replaced at will by the ITU,' but it did not give another union a vote."); *Reliant Transp., Inc. v. Div. 1181 Amalgamated Transit Union*, 2019 U.S. Dist. LEXIS 198030 (E.D.N.Y. Nov. 14, 2019) ("the Trust Agreement grants the Union the sole power to appoint, remove and replace Union Trustees"); *Liss v. Smith*, 991 F. Supp. 278 (S.D.N.Y. 1998) ("The Union Trustee [sic] may be removed from office at any time by the Union President."); *Whitfield v. Tomasso*, 682 F. Supp. 1287 (E.D.N.Y. 1988) ("Allied (the 'Union') had the authority to appoint and remove all Union Trustees of the Fund. The Union controlled the selection and removal of the Trustees of the Fund."); *Stockwell v. Hamilton,* 163 F. Supp. 3d 484 (E.D. Mich. 2016) (Plaintiffs allege in their initial Complaint and Proposed First Amended Complaint that the Union 'has the authority to appoint and remove trustees.")

Next, Defendants argue that Plaintiffs' "ultimate position in this litigation would mean that the International Union constitution takes precedent over the

7

Fund's Trust Agreement." (Doc. 28 at Page 39). However, Plaintiffs' position is and has always been that the Court need not decide whether or under what circumstances a labor organization's constitution takes precedence over an ERISA trust agreement. Rather, to decide this case, the District Court needed to simply look to the Trust Agreement's appointment and removal provisions and decide whether they are unlawfully entrenching based on the rule announced in Department of Labor guidance and subsequently applied by several District Courts. Defendants cite to a small portion of a longer exchange between Plaintiffs' counsel and the District Court during the preliminary injunction hearing in which the District Court engaged Plaintiffs' counsel in an academic exercise including hypotheticals irrelevant to the specific question before the Court. (Transcript 1, R. 14, Page ID# 1541- 1551). The following discussion directly followed the portion of the transcript cited by Defendants:

> THE COURT: Hmm. Okay. All right. That's a big ask, just so you know.
>
> MS. ROBINSON: And we're just asking you to answer the question before you, which is are these specific trust agreement provisions unlawfully entrenching, and if so –
>
> THE COURT: But that isn't the way –
>
> [indiscernible crosstalk.]
>
> MS. ROBINSON: -- I'm not asking you –
>
> THE COURT: Stop.

MS. ROBINSON: --to take a step—

THE COURT: That isn't the way the law works. So the way the law works is I announce a rule, and then I apply the rule.

So I can't just kind of back into, oh, these are unlawful, and then come up with a framework, right? We need a rule first. You understand that's the way the law works, right? I need a rule first, and then I apply the law.

MS. ROBINSON: I do understand that, your Honor.

THE COURT: Okay. So I need from you your best take at what you would like that rule to be, and then we'll talk about how that rule plays out here. So I do need to decide the thing you just said I don't need to decide.

MS. ROBINSON: So the rule is, the question is can this trustee be removed with reasonably short notice based on the provisions that are currently being brought before you today.

*Id*. at Page ID# 1546-1547.

Defendants also cite to a small portion of the record to argue that Plaintiffs' position would render the Trust Agreement irrelevant and would essentially nullify the Trust Agreement. (Doc. 28 at Page 41). However, Defendants fail to note that the exchange was limited to a discussion of the Trust Agreement's appointment and removal provisions as opposed to the Trust Agreement as a whole. (See Transcript 1, RE 42, Page ID # 1853). A finding that certain provisions of the Trust Agreement are unlawfully entrenching would not render the entire Trust Agreement void or result in a violation of ERISA Section 402(a)(1). Rather, only the offending provisions would be unenforceable. It is not and has never been Plaintiffs' position that the entire Trust Agreement is irrelevant or void. In fact, Article VIII, Section 4

9

of the Trust Agreement provides in pertinent part as follows,

> Should any provision of this Agreement be held to be unlawful as to any person or any instance, such provision or fact shall not adversely affect the other provisions herein contained, or application of said provisions to any other person or instance unless such legality shall make impossible the functioning of the Trust Fund or the Health and Welfare Plan."

(See Trust, R. 5-3, Page ID# 638-639).

Despite Defendants' unpersuasive argument to the contrary, Plaintiffs maintain that it is inappropriate for Smith and Clark to continue serving as Union Trustees when they are no longer Union members or affiliated with the Union in any way. This is because their continued service is in violation of the Trust Agreement and runs afoul of the principles set forth in ERISA and the LMRA. It must be repeated that in yet another act of entrenchment, Smith, Clark and the Employer Trustees amended Article III, Section 2 of the Trust Agreement to provide as follows: "An individual who is retired from the trade need not be a member of the Union to serve as a Union Trustee." (Appendix, JX 2007). Prior to that amendment, Smith and Clark were undeniably serving in violation of the Trust Agreement following their resignations from the Union. And, because that amendment was made for the sole purpose of entrenching Smith and Clark, the amendment was unlawful, and Smith and Clark continue to serve in violation of the Trust.

Furthermore, Defendants claim Plaintiffs have offered no case law supporting the contention that it is improper for Smith and Clark to continue serving as Union

Trustees even though they are no longer members of or affiliated with the Union. (Employer Trustees' Brief, Doc. 28, Page 43). However, this exact issue was presented in *Masino v. Montelle*, 2005 U.S. Dist. LEXIS 51934, *42 (E.D.N.Y. July 14, 2005). In that case, the plaintiffs argued the continued service of three union trustees who had severed their ties with the union caused them irreparable harm. The Eastern District of New York agreed. *Id.* at *42-43.

Additionally, as was explained in *United Healthcare Workers-West v. Borsos*, 2010 U.S. Dist. LEXIS 45459 (N.D. Cal. May 10, 2010):

> And, a requirement of a Taft-Hartley fund is that control of the fund be evenly shared between employers and employees. When the union appoints the employee trustees, there is no doubt that employees are represented. When, however, private individuals are appointed with the perpetual power to substitute other private individuals, there is no guaranteed nexus between the employees and the employee trustees. The private individuals may favor polices undesired by employees and their unions.

Because Smith and Clark are no longer Union members, there is no longer a nexus between the employees and Smith and Clark. They no longer represent the employees. They are now private individuals who have the power to stop the Union from appointing employee representatives and to block their own removals.

Finally, Defendants argument that it is appropriate for Smith and Clark to continue to serve as Union Trustees, despite their current status, simply because they were appointed in accordance with the Trust Agreement decades ago when they were still Union members is nonsensical. The equal representation requirement

11

contemplates equal *representation* on the Fund, not simply equal appointment. Additionally, Plaintiffs find it hard to believe that the employer trustees would agree with their own argument if the tables were turned. For example, it is doubtful that Defendants would be okay with the continued service of an Employer Trustee in the event the Employer Trustee's employment was terminated by a signatory contractor or the Employer Trustee opened a nonunion shop simply because their initial appointment had been appropriate.

2. *Likelihood of Success.*

Presumably because it recognizes that if the Department of Labor guidance and case law specifically addressing unlawful entrenchment is applied here there is no question that Plaintiffs would succeed on the merits, Defendants attempt to dissuade this Court from considering them. First, Defendants claim that the 1985 Department of Labor Opinion Letter (Pension & Welfare Benefits Opinion Letter 85-41A, December 5, 1985, Department of Labor) does not apply to Taft-Hartley plans, but that is simply not the case. (Smith and Clark Brief, Doc. 29 at Page 20). In fact, the Department of Labor issued a subsequent Opinion Letter in 1999, explicitly finding the 1985 Department of Labor Opinion is applicable to Taft-Harley plans:

> It is the view of the Department that the principles articulated in Advisory Opinion 85-41A apply equally to the terms of the appointment of trustees of funded welfare plans like the Fund. Under section 404(a)(1)(D) of ERISA, plan fiduciaries are required to act in

accordance with plan documents and instruments only insofar as they are consistent with Titles I and IV of ERISA. Therefore, it is the view of the Department that the incumbent trustees cannot rely upon their interpretation of section 6.7 of the Trust Agreement regarding the terms of appointment for trustees to the extent that such interpretation would purport to sanction an unreasonable arrangement as that described in Advisory Opinion 85-41-A, pursuant to which the incumbent trustees would be removable only for cause.

(*See* Pension & Welfare Benefits Opinion Letter 99-17A, December 28, 1999, Department of Labor).

Second, Defendants point out that neither ERISA nor its regulations mention entrenchment or offer a definition or rule for what constitutes "reasonably short notice." (Employer Trustees' Brief, Doc. 28 at Page 46). Despite this, several courts have determined that Trust Agreement provisions that entrench sitting Trustees and insulate them from removal violate ERISA because they do not allow for the removal of fiduciaries on reasonably short notice as required under ERISA. While no court has articulated a bright line rule or has listed each and every possible trust agreement provision imaginable that could constitute entrenchment, the District Court does not need to invent such a rule or create such a list here because courts have already determined that the Trust Agreement provisions present in this case are unlawfully entrenching. Specifically, district courts have held that trust agreement provisions nearly identical to those in the Fund's Trust Agreement do not allow for the removal of fiduciaries on reasonably short notice in violation of ERISA.

To briefly summarize: **(1)** the provision in Article III, Section 1 of the Trust Agreement that provides trustees shall serve until death, being incapable of acting, resignation, or removal was found to be unlawfully entrenching by the Department of Labor, by the Southern District of Alabama in *Mobile, Alabama-Pensacola, Florida Bldg. & Constr. Trades Council v. Daugherty,* 684 F. Supp. 270, 280 (1988), and by the Connecticut District Court in *Teamsters Local No. 145 v. Kuba,* 163, 1066 (D. Conn. 1986); **(2)** the provision in Article III, Section 1 of the Trust Agreement that provides a nominee for appointment only becomes a trustee "by unanimous vote of the remaining Union Trustees" is unlawful pursuant to *Masino v. Montelle*, 2005 U.S. Dist. LEXIS 51934, *24 (E.D.N.Y. 2005) and *International Union of Bricklayers & Allied Craftsmen Local No. 5 v. Hudson Valley Dist. Council of Bricklayers & Allied Craftsmen Joint Benefit Funds ("Hudson Valley II")*, 858 F.Supp. 377, 379 (S.D.N.Y. 1994); **(3)** the provision in Article III, Section 3 that conditions the removal of a trustee only for cause and only by vote of three-quarters (3/4) of all the trustees is unlawful under the findings of *Teamsters Local Union No. 786 v. Blevins*, 2020 U.S. Dist. LEXIS 184704 (N.D. Ill., 2020); *Local 553, I.B.T. v. Local 803 Pension Fund*, 409 F. Supp. 3d 255, 257; *Partenza v Brown*, 14 F.Supp.2d 493 (S.D.N.Y. 1998); and *Teamster Local No. 145 v. Kuba,* 631 F. Supp. 1063 (D. Conn. 1986); and **(4)** the provision in Article III, Section 2 providing that "[a]n individual retired from the trade need not be a member of the Union to serve as a

Union Trustee" that was added with the specific purpose of keeping Smith and Clark on the Board of Trustees is at odds with *International Union of Bricklayers & Allied Craftsmen Local No. 5 v. Hudson Valley Dist. Council of Bricklayers & Allied Craftsmen Joint Benefit Funds ("Hudson Valley II")*, 858 F.Supp. 377, 379 (S.D.N.Y. 1994).

Defendants also claim that Plaintiffs' unlawful entrenchment claim will not succeed on the merits based on their contention that Defendants did not act in a fiduciary capacity when they amended the Trust Agreement and when they applied the unlawful Trust Agreement provisions. (Employer Trustees' Brief, Doc. 28 at Page 47). However, as explained in Plaintiffs' Principal Brief, although it is generally true that employers and plan sponsors do not act in a fiduciary capacity when they modify, adopt, or amend plans, courts have recognized an exception to that general rule finding that they do act in a fiduciary capacity "in selecting and retaining plan administrators." *Blevins*, 2020 U.S. Dist. LEXIS 184704, at *10 (quoting *Leigh v. Engle*, 727 F.2d 113, 133 (7th Cir. 1984). Plaintiffs urge the Sixth Circuit to adopt the reasoning of the courts that have considered this issue in similar cases and find the following as a narrow exception to the general rule: plan sponsors act in a fiduciary capacity when they amend a plan to obtain the power for themselves to appoint, retain and/or remove plan fiduciaries, and then, when they

actually exercise that power. To find otherwise, would essentially leave Plaintiffs without a remedy.

Further, Defendants argue that trustees do not breach their fiduciary duties by merely presiding over a plan that has unlawful provisions. (Employer Trustees' Brief, Doc. 28 at Page 47). However, Defendants have done much more than simply preside over a plan with unlawful terms. They, in some cases, crafted and adopted the unlawful terms, and in all cases, they relied on and applied the unlawful terms to prevent the appointment of new trustees and to make the removal of the incumbent trustees all but impossible with the current composition of the Board.

Finally, Defendants claim that if Plaintiffs are successful in getting injunctive relief, it would result in Plaintiff Sherwood's entrenchment. They wrongly assert that "[s]hort of a court of law finding Plaintiff Sherwood liable for breaching a fiduciary duty and a person then convincing the powers-that-be at the International Union to file internal Union charges against Plaintiff Sherwood, he would be immune from removal." (Employer Trustees' Brief, Doc. 28 at Page 52). That contention is based on Defendant's misunderstanding of Plaintiff Sherwood's testimony and on its lack of familiarity with the Union's Constitution. Sherwood testified as follows:

> Q.    So the only way that you can be removed from your position as the business manager, secretary treasurer is if you're found guilty on union charges, right?

A.    No. The general president can remove me, if he wants.

Q.    Okay. The general president, you're talking about with the international union, correct?

A.    Yes.

Q.    And what are the parameters in which he can remove you from your position.

A.    I don't believe there are parameters. I believe they're very subjective parameters.

Q.    Does he have to have just cause to remove you?

A.    I don't know. I know of one business manager he removed that I didn't necessarily agree with.

***

Q.    Did he have just cause to remove that individual?

A.    I would think that would be best practice, but I don't – I don't know what his powers are. It's not spelled out in the constitution specifically.

Q.    The only way you could be removed through any District Council 6 authority would be if you were found guilty on union charges, though, right?

A.    Correct.

(Transcript 2, RE 43, Page ID# 1829-1830).

Thus, Plaintiff Sherwood testified that he could be removed immediately at any time by the International Union and that he could be removed by the District Council if he was found guilty on Union charges. The International Constitution supports Sherwood's testimony. Section 50(a) provides that the General President

17

has the power "with the approval of the General Executive Board, to appoint a Special Trustee to take immediate charge and control of a District Council or Local Union." (Constitution, R. 5, Page ID# 372, Page 39 of 198) Section 50(b) further provides, "Immediately upon appointment of such Special Trustee, the functions of all officers and employees shall terminate and such functions shall pass to the Special Trustee." (*Id.* at Pages 39-40 of 198). Plaintiff Sherwood could also be removed immediately by the General Executive Board without the need for the District Council to be placed into Trusteeship pursuant to Sections 47(f) and 68 of the Constitution. (*Id.* at Page 36 of 198 and Page 51 of 198).

**B. The District Court erred in granting the Employer Trustee Defendants' Motion to Dismiss.**

*1. Pendent Jurisdiction.*

Plaintiffs recognize that the dismissal of some but not all claims or defendants in an action is generally not a final appealable judgment (*Petronykoriak v. Equifax Info. Servs. LLC,* 2021 WL 6144163, at *1 (6th Cir. Dec. 16, 2021). However, appellate courts have discretion to exercise pendent jurisdiction over non-appealable issues when the appealable and non-appealable issues are "inextricably intertwined." *Brennan v. Twp. of Northville,* 78. F.3d 1152, 1157 (6th Cir. 1996). "'Although the standards for a motion for preliminary injunctive relief and dismissal under Rule 12(b)(6) are not coterminous, they overlap where a court determines that the plaintiff

has no chance of success on the merits.'" *Angelotti Chiropractic v. Baker*, 791 F.3d 1075 (9th Cir. 2015) (quoting *Arc of Cal. v. Douglas*, 757 F.3d 975, 993 (9th Cir. 2014). See also *Barsoumian v. Univ. at Buffalo*, 594 F. App'x 41 (2d Cir. 2015) ("We have pendant appellate jurisdiction to review the District Court's decision granting defendants' partial motion to dismiss because it was 'inextricably bound up with' its denial of plaintiff's motion for preliminary injunction. *S.E.C. v. Smith*, 710 F.3d 87, 94 (2d Cir. 2013).")

Here, the District Court dismissed Count I and Count II of Plaintiffs' Complaint based on its determination that the Employer Trustees were not acting in a fiduciary capacity when they amended the Trust Agreement and when they relied upon the amendment to block the removals of Smith and Clark. If this Court finds that the District Court erred in finding that the Trustees were not acting in a fiduciary capacity when taking those actions for preliminary injunction purposes, then the District Court also erred in dismissing Counts I and II of Plaintiffs' Complaint. The District Court dismissed Count III of the Complaint as against the Employer Trustees based on its finding that payment of Smith and Clark's legal fees were for the Fund's benefit, not for Smith and Clark's personal benefit. Again, if this court finds that the District Court erred in making that finding under its analysis of the denial of Plaintiff's Request for Preliminary Injunctive Relief, then the District Court also erred in dismissing Count III of the Complaint as against the Employer Trustees.

Perhaps recognizing that the Orders are inextricably intertwined, Defendants appear to concede that an exercise of pendent jurisdiction over the District Court's decision to grant Employer Trustees' motion to dismiss is appropriate if this Court determines that the District Court erred in concluding Plaintiffs failed to show irreparable harm.

2. *Count I.*

Just as they did in their argument on the question of likelihood of success on the merits on Plaintiffs' unlawful entrenchment claim, Defendants argue that they were not acting in a fiduciary capacity when they amended the Trust Agreement. Plaintiffs incorporate, but do not restate here, the arguments in their Principal Brief and above relating to the question of fiduciary capacity. Plaintiffs must, however, briefly address Defendants' contention that the reasoning set forth in *Masino* cannot or should not be applied here. First, Defendants claim the block quote cited by Plaintiffs "conflates the act of amending a Trust agreement with the act of voting to appoint or remove a Trustee." (Employer Trustees' Brief, Doc. 28 at Page 54). Even if there is a distinction between amending the Trust Agreement and relying on the amendment to appoint and remove a Trustee, the facts in both *Masino* and here (as plead in the Complaint) are that the Defendant Employer Trustees amended the Trust Agreement to unlawfully entrench themselves and also relied on those provisions when voting on the removal of trustees, so the distinction is apposite.

Second, Defendants argue that *Masino*'s rationale was largely "based on its belief that the Supreme Court's holdings in *Curtiss-Wright, Lockheed,* and *Hughes Aircraft* were distinguishable from cases involving multi-employer plans because those cases only concerned single employer plans…and concluding based on Second Circuit law that their holdings did not apply to a multi-employer plan." (Employer Trustees' Brief, Doc. 28 at Page 54). However, Defendants fail to note that *Masino* discussed the differences between single employer and multi-employer plans but also differentiated the cases by stating that they "do not address the question of entrenchment." *Masino*, 2005 U.S. Dist. LEXIS 51934 at *36. Further, *Masino* recognized that other circuits, including the Sixth Circuit in *Detroit Terrazzo Contrs. Assn. v. Board of Trs. of the B.A.C. Local 32 Ins. Fund*, 71 Fed. Appx. 539 (6th Cir. 2003) have interpreted the Supreme Court's holdings as applying to multi-employer plans, but explained that "none of these cases involve union trustees who amended trust agreements to entrench themselves, or to prevent their removal." *Id.* at 41-42.

In defending Defendants' acts of not voting in favor of Plaintiff Sherwood's motion to remove Defendants Smith and Clark, Defendants quote the District Court's holding that "[i]t is hard to argue that refusing to recognize a removal notice not in accord with the governing Trust documents involves an exercise of discretionary authority over the management of the Fund." (Employer Trustees'

Brief, Doc. 28 at Page 55). But, Sherwood's motion *was* in accordance with the Trust Agreement as he moved for the removals of Smith and Clark for cause since they were no longer members of the Union and had engaged in prohibited transactions and self-dealing. Additionally, the law of the land cannot be that a trustee is able to escape liability for a breach of fiduciary duty by hiding behind unlawful Trust agreement provisions that they adopted for the sole purpose of entrenching themselves so they could continue their bad acts.

In sum, the District Court erred in finding that the Employer Trustees were not acting in a fiduciary capacity when they amended the Trust Agreement and when they relied upon the amendment's three-fourths removal requirement to block the removals of Smith and Clark.

3. *Count II.*

In addition to again claiming that Count II was appropriately dismissed based on their position that Defendants were not acting in a fiduciary capacity when they relied on the unlawfully entrenching Trust Agreement provisions to block Smith and Clark's removals, Defendants also argue Plaintiffs' failed to sufficiently plead a breach of the duty of loyalty. Defendants note that the proper inquiry into whether the duty of loyalty has been breached is "whether 'the fiduciary's conduct reflects a subordination of beneficiaries' and participants' interests to those of a third party. *Bussian v. RJR Nabisco, Inc.*, 223 F. 3d 286, 298 (5th Cir. 2000)." (Employer

Trustees' Brief, Doc. 28 at Page 58).

Defendants then fault Plaintiffs for not pointing to facts supporting the contention that the Employer Trustee Defendants acted in subordination of participants' interests. However, "several courts have held that ERISA fiduciaries violate their duties of loyalty and prudence by entrenching themselves in their positions." *Blevins*, 2020 U.S. Dist. LEXIS 184704 at *10 (citing *Levy v. Local Union No. 810,* 20 F.3d 516, 519 (2nd Cir. 1994). In entrenching themselves in the Fund and insulating themselves from effective oversight and removal, the Trustees have placed their interests (and the interests of the other incumbent Trustees) above the interests of the participants. Plaintiffs clearly plead all of this in their Complaint, so the District Court's dismissal of Count II constitutes reversable error.

4. *Count III.*

In Count III of the Complaint, Plaintiffs allege that Defendants breached their fiduciary duties by voting in favor of using plan assets to pay legal fees incurred in advising Smith and Clark in connection with the Union charges filed against them by Plaintiff Sherwood. Plaintiffs maintain that dismissal of this Count is entirely inappropriate at the Motion to Dismiss stage where a determination has not yet been made as to whether Smith and Clark breached their fiduciary duties to the Fund, justifying their removal.

Additionally, in their Brief, Defendants state, "It is hard to imagine Plaintiffs

would argue that Fund counsel providing legal advice to any of the Trustees as it relates to removing a Trustee under the terms of the Trust is unrelated to the management of the Trust." (Employer Trustees' Brief, Doc. 28 at Page 61). Defendants are correct in that Plaintiffs are not making that argument. Plaintiffs agree that the payment of legal fees for advice as to whether or not Defendants Smith and Clark could be removed from their trustee positions as a result of internal union charges would constitute an appropriate expenditure of plan assets.

Fund counsel apparently made the determination that Defendants Smith and Clark could not be removed from their positions as a result of that process, as is reflected by the fact that Smith and Clark remain Trustees even though they were found guilty twice and it was ordered that they be immediately removed from the Fund and never be permitted to serve as Trustees on any ERISA fund again. While Fund counsel's advice that the internal union charges would have no effect on Smith and Clark's ability to continue to serve as Trustees, the expenditure of plan assets to defend those charges was not appropriate where she had already determined that the result of those charges would be of no consequence to the Fund. Defendants also fail to explain how it was appropriate to expend plan assets to bring internal union charges against Plaintiff Sherwood.

### III.    CONCLUSION.

For the reasons set forth in Plaintiffs' Principal Brief and herein, Plaintiffs ask that this Court find the District Court erred in denying Plaintiffs' Motion for Preliminary Injunctive Relief and further erred in granting the Employer Trustees' Motion to Dismiss. Plaintiffs respectfully request that this Court reverse the District Court's Orders, grant in full Plaintiffs' Motion for Preliminary Injunctive Relief, and instruct the District Court to reinstate the claims against the Employer Trustees.

## CERTIFICATE OF COMPLIANCE WITH F.R.A.P. RULE 32(A)(7)

The undersigned counsel for Appellants certifies that the forgoing Reply Brief of Appellants complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B). According to the word count function of Microsoft Word, the word-processing system used to prepare this brief, there are 5,924 words, including footnotes, from pages 1-25 in this brief.

**s/ Diana Robinson**
Diana Robinson (0086642)

## CERTIFICATION

I hereby certify that on the 12th day of September 2024, a copy of the foregoing Reply Brief of Appellant was filed electronically. Notice of this filling will be sent to all Parties by operation of the Court's electronic filing system.

<u>**s/ Diana Robinson**</u>
Diana Robinson (0086642)

## ADDENDUM

| Record Entry Number | Description of Document | Date Filed | Page ID Range |
|---|---|---|---|
| 5-1 | Constitution | 08/09/2023 | 372-569 |
| 5-3 | Trust Agreement | 08/09/2023 | 602-648 |
| 42 | Transcript Day 1 | 11/29/2023 | 1530-1799 |
| 43 | Transcript Day 2 | 11/29/2023 | 1800-2093 |
| 26 - Appeal | Appendix | 08/08/2024 | 48-98 |

28